**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **CAMERON L. REGAN and,** | ) | |
| **LOUIS IMPAGLIAZZO** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **vs.** | ) | **No. 24-cv-8430** |
| | ) | |
| **CHRISTOPHER F. ADOLF, VILLAGE OF** | ) | |
| **LAKEMOOR, FRANCIS JOSEPH Y. REYES,** | ) | |
| **And SDR GARAGE INC.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**DEFENDANTS, OFFICER ADOLF AND VILLAGE OF LAKEMOOR's MOTION TO ENJOIN PLAINTIFF FROM PROPOUNDNG AND PURSUING FREEDOM OF INFORMATION ACT REQUESTS (FOIA)TO VILLAGE AND OFFICER ADOLF**

Now Come the defendants Officer Christopher Adolf (Ofc. Adolf) and the Village of Lakemoor (Lakemoor) by and through their attorneys, Marzullo & Associates, and for their Motion to enjoin/bar Plaintiff's from direct Communication with the Defendants through FOIA requests do hereby state as follows:

1. Plaintiff has propounded two FOIA requests upon the Village and Officer for records directly related to the facts and issue in this litigation. See the FOIA's attached hereto as Ex. A and B. Although the plaintiffs propounded Rule 34 discovery upon the codefendants' counsel, relative to the Village and its Officer, the plaintiffs have chosen to circumvent Defendants' counsel and the authority of the court governing the discovery an administration of the lawsuit by communicating directly with these defendants.
2. The Illinois Supreme Court Rules of Professional Conduct of 2010, Rule 4.2, provides: "in representing a client, a lawyer shall not communicate about the subject of the

presentation with a person the lawyer knows to be represented by another lawyer in the matter, unless the lawyer has the consent of the other lawyer or is authorized to do so by law or court order."

3. The Northern District of Illinois has adopted the ABA's Model Rule of Ethical Conduct, LR 83.50. ABA Rule 4.2 and the Illinois Rule 4.2 are identical barring an adverse party's direct contact with a represented party.

4. The sanctum of the attorney/client relationship free from adversarial mischief is elemental to American jurisprudence, such that it need not be explained to this Honorable Court.

5. *Pro se* parties are presumed to have full knowledge of applicable court rules and procedures. *Steinbrecher v. Steinbrecher*, 197 Ill. 2d 514, 528 (2001). Therefore, *pro se* litigants must comply with the same rules and held to the same standards as attorneys. *Zemater v. Village of Waterman*, 2020 IL App (2d) 190013, ¶ 19.

6. The Illinois Freedom of Information Act provides in part:

> § 1. Pursuant to the fundamental philosophy of the American constitutional form of government, it is declared to be the public policy of the State of Illinois that all persons are entitled to full and complete information regarding the affairs of government and the official acts and policies of those who represent them as public officials and public employees consistent with the terms of this Act. Such access is necessary to enable the people to fulfill their duties of discussing public issues fully and freely, making informed political judgments and monitoring government to ensure that it is being conducted in the public interest.
> . . . . . . .
> This Act shall be the exclusive State statute on freedom of information, except to the extent that other State statutes might create additional restrictions on disclosure of information or other laws in Illinois might create additional obligations for disclosure of information to the public. Effective in 1984 and amended January 1, 2010. 5 ILCS §140/1

7. Paragraph[4] to the Committee Comments to Illinois Supreme Court Rule 4.2 provides for possible communications between a party and governmental party during litigation: in part that "[t]his Rule does not prohibit communication with a represented person, or an employee or agent of such a person, concerning matters outside the representation. For example, the existence of a controversy between a government agency and a private party, or between two organizations, does not prohibit a lawyer for either from communicating with nonlawyer representatives of the other regarding a separate matter."
8. Further, the Committee Comment paragraph [5] advises that "communications authorized by law" could include investigative activities "prior to the commencement of criminal or civil enforcement proceedings." . . . "The fact that a communication does not violate a state or federal constitutional right is insufficient to establish that the communication is permissible under this Rule."
9. It is presumed that the Illinois Supreme Court was aware of the Illinois FOIA when adopting the Rules of Ethical Conduct and the publication of the Committee Comments when it advised that in the context of litigation contact with a governmental agency was restricted to communication "regarding a separate matter" or prior to the commencement of actual litigation.
10. Prior to this lawsuit plaintiffs propounded FIOA requests on Lakemoor. Recently, the plaintiffs propounded written discovery on the codefendants. It is clear that the plaintiff's understand that this lawsuit offered opportunity to obtain information and documentation through Court Rules and orders under the management of this Court. The plaintiffs' current FOIAs can only be classified as an end-run around this Hon. Court's authority

and an attempt to force defendant to litigate discovery simultaneously for this federal lawsuit in both state and federal court.

11. In light of the clarity of the federal and state Codes of Ethical Conduct, and in the face of the court's authority, there is one Illinois Appellate Court opinion which addresses the interaction between the Illinois FOIA and the Code of Ethical Responsibility, *Zemater v Village of Waterman*, 157 N.E.3d 1069 (2020).

12. Generally, in matters arising from the interpretation of state law, the federal court applies the laws of the state supreme court , but if the state supreme court has not spoken on the issue, the federal court must treat decisions by the state's appellate court as authoritative unless there is a compelling reason to believe the appellate court was wrong. *Rodas v. Seidlin*, 656 F.3d 610, 626 (7th Cir. 2011). *Design Basics LLC v. J&V Roberts Investments*, 130 F. Supp.3d 1266, 1284 (E.D. Wis. 2015).

13. In *Zemaster v.Waterman*, 157 N.E.3d 1069 (2nd Dist. 2020) the plaintiff filed a *pro se* action against the defendant Village, Waterman, for malicious prosecution of a speeding ticket. After filing the lawsuit the plaintiff sent an email to the Village and then followed up with a FOIA request. Counsel of the Village wrote to the pro se plaintiff and advised that plaintiff should direct communications to the attorney. The defendant then requested that the Court enter an order to require the plaintiff to only communicate with defense counsel regarding issues involved in the lawsuit based on the circuit court's inherent authority to control its own docket and to promote fairness and a confidential relationship between defense counsel and his client. Id at 1073.

14. The Trial Court entered the order barring the plaintiff's direct communication with the Village on matters related to the lawsuit. The plaintiff violated the court's order and later

argued he could not be held in contempt for violating the order against further FOIA requests. Id. at 1072. The circuit court found the plaintiff in contempt for violating its order. Id. The Appellate Court reviewed the propriety of the circuit court's order which would necessarily embrace the court's order barring the plaintiff's FOIA request.

15. The Appellate Court found the circuit court had a reasonable basis for enjoining the plaintiff's contacts with the defendant. "in requiring plaintiff to contact only defendant's attorney and not defendant regarding this lawsuit, the court exercised its inherent authority consistent with Illinois' Constitution, Supreme Court Rules relating to noncommunication, and public policy. 157 N.E. 3d at 1074, 1075 The trial court's order was procedural and did not deprive the plaintiff of any legal right. Id. at 1075.

16. In the matter at bar if the plaintiffs were uncertain of the implications of Rule 4.2 they could have deferred to the most restrictive interpretation of the Rule; called Lakemoor's counsel; or sought guidance from this Honorable Court. See *In re Air Crash Disaster Near Roselawn, IN,* 904 F.Supp. 1116, 1123 (N.D. Illinois 1995)

17. It is notable that the Federal rules are very generous regarding discovery and yet plaintiffs chose a subterfuge calculated to undermine and eliminate this Honorable Court's inherent interest and authority in managing the docket as well as the codefendants' interests in full discovery disclosures between the parties.

**Addendum:** On April 24, 2025 plaintiff's propounded yet a 3rd FOIA request on the Defendant. See Ex. C attached hereto.

Wherefore, the Defendants, Officer Adolph and Village of Lakemoor, by and through their attorneys, Marzullo & Associates respectfully requests the Honorable Court enter an Order enjoining the plaintiff's from pursuing the previously propounded FOIA requests and further

barring any future FOIA requests regarding the matters and issues related to this litigation until such time is this lawsuit is resolved with prejudice at the District and Appellate levels.

Respectfully submitted,

By: /s/ Eric A. Krumdick
Eric A. Krumdick – 6190791
Attorney for Defendants, Village of Lakemoor and Christopher F. Adolf

Eric A. Krumdick – 6190791
MARZULLO & ASSOCIATES
**Mailing Address**:
P.O. Box 64093
St. Paul, MN 55164-0093
(312) 458-6500
ekrumdic@travelers.com
General E-Mail: 133Law1@Travelers.com

**CERTIFICATE OF SERVICE**

On April 25, 2024, I electronically filed the above document with the United States District Court, Northern District of Illinois, Eastern Division. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties that have not filed their appearance will receive this notice via regular email. Parties may access this filing though the Court's electronic system.

/s/

Ex. A

Village of Lakemoor
PRIDE AND PROSPERITY

VILLAGE OF LAKEMOOR POLICE

**Village of Lakemoor Request for Public Record**
**Official Request Form**

INSTRUCTION AND INFORMATION

a. By submitting this Request Form, you are agreeing to pay to the Village, in advance of receiving copies of any public records, the copy and certification fees set forth. The fees set forth below may be waived or reduced by the Freedom of Information Officer on determination and proof that the purpose of your request is primarily to benefit the general public and that you will receive no significant personal or commercial benefit from your request. If you wish to be considered for a fee waiver or reduction, you must submit the request statement as indicated below.
b. The Village will not mail copies of public records unless requested. Then, only upon advance payment of the actual cost of postage.
c. You must provide the information in which you are requesting.
d. Describe the public records that you wish to inspect or to have copied or certified. Please be precise about what records you seek. You may use a separate sheet if necessary.
e. Indicate whether you request only to inspect the public records at the Village Hall or whether you also request to have the public records copies or certified by checking the appropriate spaces.
f. You must sign and date the request form.

Agreement to Pay Fees:
Copies- 8 ½ X 11 or 8 ½ x 14, Black and White

| | |
|---|---|
| First 50 pages: | **Free** |
| Additional pages: | **$0.15 per side** |
| Other types of records with set fees: | **Actual Cost** |
| Certification: | **$1.00 per record, plus copy cost** |

I agree that I will pay the actual charges that the Village incurs in connection with the copying services, and that the fees stated above will not apply, if (a) the Village must use an outside vendor to copy a public record that is not 8 ½ x 11 or 8 ½ x 14, black and white; or (b) the requested records are of a type not listed above. I further agree that the fees stated above will not apply if the fee for the requested records is otherwise fixed by statute. If the requested records are produced on an electronic medium, I agree to pay the actual cost of purchasing said medium.

Are you requesting a waiver of fee? ☐ Yes ☑ No
If yes, you must attach a statement of the purpose of the request, and whether the principal purpose of the request is to access or disseminate information regarding the health, safety, and welfare or legal rights of the general public. 5 ILCS 140/6 (c)

Please check Yes or No for the following question: ☐ Yes ☑ No
I am requesting the public records identified above to use the records or information derived therein, for sale, resale, solicitation, or advertisement for sales or services.

*The Village will disclose the public records requested on this Request Form within (21) business days after the receipt of this Request Form for all requests made for commercial purposes, and within (5) business days for all other requests, unless the applicable response period is extended as provided by law or the request is denied. All extensions and denials will be in writing and will state the reasons therefore. The requestor may seek review of a denial by the Public Access Counselor of the Office of the Illinois Attorney General. Judicial review is available under Section 11 of the Illinois Freedom of Information Act, 5 ILCS 140/1 eq seq. For more detailed information, please consult the Village of Lakemoor Rules and Regulations for Implementation of the Illinois Freedom of Information Act, which are available from the Freedom of Information Officer and at www.lakemoor.net*
*Pursuant to Section 3.1 (c) of the Freedom of Information Act, it is a violation of the Act for a person to knowingly obtain a public records for a commercial purpose without disclosing that it is for a commercial purpose. Each request for a public record or category of public records made in violation of this requirement (whether made as part of a single or multiple written requests) shall be subject to a fine of $500 and such other penalties allowed by law.*

Village of **Lakemoor**
PRIDE AND PROSPERITY

**Village of Lakemoor**
28581 IL. Route 120 Lakemoor, IL 60051
Village Hall: 815-385-1117 Police Department: 815-385-4111
www.lakemoor.net
Email to foia@lakemoor.net or fax to 815-385-8206

## Freedom of Information Act Request Form

NAME OF REQUESTOR: Louis Impagliazzo

COMPANY:

ADDRESS: 1837 South Canalport Avenue Chicago, Illinois 60616

PHONE NUMBER: +1 (415) 969-9993

EMAIL ADDRESS: imp@gliazzo.com

Describe below the public records you are requesting. Please be as specific as possible. Use additional pages if necessary. **(For police record requests, please include date of birth)**

All documents provided in response to the FOIA requests by Robert Hanlon on 11/4/24, 1/10/25, and any other date between 11/1/24 and 3/30/24.

All documents evidencing email communication (sent and received) of Police Officer Christopher Adolf from September 27, 2022 to October 30, 2022.

A certificate that the response is complete unless indicated otherwise in the response.

How do you wish to receive the record(s)? ☐ Hard Copy ☑ E-mail ☐ Mail (I have paid the actual cost of postage)

By signing this request, I acknowledge and represent that I have reviewed and understand the Village of Lakemoor Rules and Regulations for Implementation of the Illinois Freedom of Information Act. All of the information provided in support of this request is true and accurate.

[signature]
Signature of Requestor

April 11, 2025
Date

FOR VILLAGE USE ONLY

Date Received: ____________ Received By: ____________ Notes:

Time Received: ____________ Method of delivery: ____________

Due to Requestor: ____________

Village of
**Lakemoor**
PRIDE AND PROSPERITY

**Village of Lakemoor Request for Public Record**
**Official Request Form**

INSTRUCTION AND INFORMATION

a. By submitting this Request Form, you are agreeing to pay to the Village, in advance of receiving copies of any public records, the copy and certification fees set forth. The fees set forth below may be waived or reduced by the Freedom of Information Officer on determination and proof that the purpose of your request is primarily to benefit the general public and that you will receive no significant personal or commercial benefit from your request. If you wish to be considered for a fee waiver or reduction, you must submit the request statement as indicated below.
b. The Village will not mail copies of public records unless requested. Then, only upon advance payment of the actual cost of postage.
c. You must provide the information in which you are requesting.
d. Describe the public records that you wish to inspect or to have copied or certified. Please be precise about what records you seek. You may use a separate sheet if necessary.
e. Indicate whether you request only to inspect the public records at the Village Hall or whether you also request to have the public records copies or certified by checking the appropriate spaces.
f. You must sign and date the request form.

Agreement to Pay Fees:
Copies- 8 ½ X 11 or 8 ½ x 14, Black and White

| | |
|---|---|
| First 50 pages: | **Free** |
| Additional pages: | **$0.15 per side** |
| Other types of records with set fees: | **Actual Cost** |
| Certification: | **$1.00 per record, plus copy cost** |

I agree that I will pay the actual charges that the Village incurs in connection with the copying services, and that the fees stated above will not apply, if (a) the Village must use an outside vendor to copy a public record that is not 8 ½ x 11 or 8 ½ x 14, black and white; or (b) the requested records are of a type not listed above. I further agree that the fees stated above will not apply if the fee for the requested records is otherwise fixed by statute. If the requested records are produced on an electronic medium, I agree to pay the actual cost of purchasing said medium.

Are you requesting a waiver of fee? ☐ Yes ☑ No
If yes, you must attach a statement of the purpose of the request, and whether the principal purpose of the request is to access or disseminate information regarding the health, safety, and welfare or legal rights of the general public. 5 ILCS 140/6 (c)

Please check Yes or No for the following question: ☐ Yes ☑ No
I am requesting the public records identified above to use the records or information derived therein, for sale, resale, solicitation, or advertisement for sales or services.

***The Village will disclose the public records requested on this Request Form within (21) business days after the receipt of this Request Form for all requests made for commercial purposes, and within (5) business days for all other requests, unless the applicable response period is extended as provided by law or the request is denied. All extensions and denials will be in writing and will state the reasons therefore. The requestor may seek review of a denial by the Public Access Counselor of the Office of the Illinois Attorney General. Judicial review is available under Section 11 of the Illinois Freedom of Information Act, 5 ILCS 140/1 eq seq. For more detailed information, please consult the Village of Lakemoor Rules and Regulations for Implementation of the Illinois Freedom of Information Act, which are available from the Freedom of Information Officer and at www.lakemoor.net***
***Pursuant to Section 3.1 (c) of the Freedom of Information Act, it is a violation of the Act for a person to knowingly obtain a public records for a commercial purpose without disclosing that it is for a commercial purpose. Each request for a public record or category of public records made in violation of this requirement (whether made as part of a single or multiple written requests) shall be subject to a fine of $500 and such other penalties allowed by law.***

Village of Lakemoor
PRIDE AND PROSPERITY

**Village of Lakemoor**
28581 IL. Route 120 Lakemoor, IL 60051
Village Hall: 815-385-1117 Police Department: 815-385-4111
www.lakemoor.net
Email to foia@lakemoor.net or fax to 815-385-8206

## Freedom of Information Act Request Form

NAME OF REQUESTOR: Louis Impagliazzo

COMPANY:

ADDRESS: 1837 South Canalport Avenue Chicago, Illinois 60616

PHONE NUMBER: +1 (415) 969-9993

EMAIL ADDRESS: imp@gliazzo.com

Describe below the public records you are requesting. Please be as specific as possible. Use additional pages if necessary. **(For police record requests, please include date of birth)**

Emails sent to or from cmcintyre@lakemoor.net, rbrindise@lakemoor.net, jessica@lakemoor.net, jnykaza@lakemoor.net, dleavitt@lakemoor.net, pvavalle@lakemoor.net, cadolf@lakemoor.net, robert.johnson@lakemoor.net, or todd@lakemoor.net between 1/1/25 and 3/31/25 containing any of the following phrases: "bad check", "Regan", "SDR", "stop payment"

How do you wish to receive the record(s)? ☐ Hard Copy ☑ E-mail ☐ Mail (I have paid the actual cost of postage)

By signing this request, I acknowledge and represent that I have reviewed and understand the Village of Lakemoor Rules and Regulations for Implementation of the Illinois Freedom of Information Act. All of the information provided in support of this request is true and accurate.

[signature] April 15, 2025

Signature of Requestor Date

FOR VILLAGE USE ONLY

Date Received: ______ Received By: ______ Notes:

Time Received: ______ Method of delivery: ______

Due to Requestor: ______

EX.C

Village of Lakemoor
PRIDE AND PROSPERITY

**Village of Lakemoor Request for Public Record**
**Official Request Form**

INSTRUCTION AND INFORMATION

a. By submitting this Request Form, you are agreeing to pay to the Village, in advance of receiving copies of any public records, the copy and certification fees set forth. The fees set forth below may be waived or reduced by the Freedom of Information Officer on determination and proof that the purpose of your request is primarily to benefit the general public and that you will receive no significant personal or commercial benefit from your request. If you wish to be considered for a fee waiver or reduction, you must submit the request statement as indicated below.
b. The Village will not mail copies of public records unless requested. Then, only upon advance payment of the actual cost of postage.
c. You must provide the information in which you are requesting.
d. Describe the public records that you wish to inspect or to have copied or certified. Please be precise about what records you seek. You may use a separate sheet if necessary.
e. Indicate whether you request only to inspect the public records at the Village Hall or whether you also request to have the public records copies or certified by checking the appropriate spaces.
f. You must sign and date the request form.

Agreement to Pay Fees:
Copies- 8 ½ X 11 or 8 ½ x 14, Black and White

| | |
|---|---|
| First 50 pages: | **Free** |
| Additional pages: | **$0.15 per side** |
| Other types of records with set fees: | **Actual Cost** |
| Certification: | **$1.00 per record, plus copy cost** |

I agree that I will pay the actual charges that the Village incurs in connection with the copying services, and that the fees stated above will not apply, if (a) the Village must use an outside vendor to copy a public record that is not 8 ½ x 11 or 8 ½ x 14, black and white; or (b) the requested records are of a type not listed above. I further agree that the fees stated above will not apply if the fee for the requested records is otherwise fixed by statute. If the requested records are produced on an electronic medium, I agree to pay the actual cost of purchasing said medium.

Are you requesting a waiver of fee? ☐ Yes ☑ No
If yes, you must attach a statement of the purpose of the request, and whether the principal purpose of the request is to access or disseminate information regarding the health, safety, and welfare or legal rights of the general public. 5 ILCS 140/6 (c)

Please check Yes or No for the following question: ☐ Yes ☑ No
I am requesting the public records identified above to use the records or information derived therein, for sale, resale, solicitation, or advertisement for sales or services.

*The Village will disclose the public records requested on this Request Form within (21) business days after the receipt of this Request Form for all requests made for commercial purposes, and within (5) business days for all other requests, unless the applicable response period is extended as provided by law or the request is denied. All extensions and denials will be in writing and will state the reasons therefore. The requestor may seek review of a denial by the Public Access Counselor of the Office of the Illinois Attorney General. Judicial review is available under Section 11 of the Illinois Freedom of Information Act, 5 ILCS 140/1 eq seq. For more detailed information, please consult the Village of Lakemoor Rules and Regulations for Implementation of the Illinois Freedom of Information Act, which are available from the Freedom of Information Officer and at www.lakemoor.net*
*Pursuant to Section 3.1 (c) of the Freedom of Information Act, it is a violation of the Act for a person to knowingly obtain a public records for a commercial purpose without disclosing that it is for a commercial purpose. Each request for a public record or category of public records made in violation of this requirement (whether made as part of a single or multiple written requests) shall be subject to a fine of $500 and such other penalties allowed by law.*

Village of
**Lakemoor**
PRIDE AND PROSPERITY


## Village of Lakemoor

28581 IL. Route 120 Lakemoor, IL 60051
Village Hall: 815-385-1117 Police Department: 815-385-4111
www.lakemoor.net
Email to foia@lakemoor.net or fax to 815-385-8206


## Freedom of Information Act Request Form

NAME OF REQUESTOR: Louis Impagliazzo

COMPANY:

ADDRESS: 1837 South Canalport Avenue Chicago, Illinois 60616

PHONE NUMBER: +1 (415) 969-9993

EMAIL ADDRESS: imp@gliazzo.com

Describe below the public records you are requesting. Please be as specific as possible. Use additional pages if necessary. **(For police record requests, please include date of birth)**

Emails sent to or from cmcintyre@lakemoor.net, rbrindise@lakemoor.net, jessica@lakemoor.net, jnykaza@lakemoor.net, dleavitt@lakemoor.net, pvavalle@lakemoor.net, todd@lakemoor.net, or robert.johnson@lakemoor.net, between 10/1/22 and 4/24/25 containing any of the following phrases: "Impagliazzo", "discretion", "civil dispute", "enforcement".

Complete vendor and sponsor lists from Lakemoor Fest 2022, 2023, and 2024.

How do you wish to receive the record(s)? ☐ Hard Copy ☑ E-mail ☐ Mail (I have paid the actual cost of postage)

By signing this request, I acknowledge and represent that I have reviewed and understand the Village of Lakemoor Rules and Regulations for Implementation of the Illinois Freedom of Information Act. All of the information provided in support of this request is true and accurate.

[signature]
Signature of Requestor

April 24, 2025
Date

FOR VILLAGE USE ONLY

Date Received: ____________ Received By: ____________ Notes:

Time Received: ____________ Method of delivery: ____________

Due to Requestor: ____________