**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **CAMERON L. REGAN and,** | ) | |
| **LOUIS IMPAGLIAZZO** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **vs.** | ) | **No. 24-cv-8430** |
| | ) | |
| **CHRISTOPHER F. ADOLF, VILLAGE OF** | ) | |
| **LAKEMOOR, FRANCIS JOSEPH Y. REYES,** | ) | |
| **And SDR GARAGE INC.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**DEFENDANTS, OFFICER ADOLF AND VILLAGE OF LAKEMOOR's AMENDED MOTION PURSUANT TO LOCAL RULE 83.5, and ABA MODEL CODE OF PROFESSIONAL RESPONSIBILITY 4.2 FOR SANCTIONS, TO STRIKE PLAINTIFF'S DIRECT COMMUNICATIONS WITH DEFENDANTS, TO BAR PLAINTIFFS' FURTHER DIRECT COMMUNICATIONS WITH DEFENDANTS THROUGH FOIA REQUESTS FOR DOCUMENTS RELATED TO THIS PENDING LITIGATION.**

Now Come the defendants Officer Christopher Adolph (Ofc. Adolph) and the Village of Lakemoor (Lakemoor) by and through their attorneys, Marzullo & Associates, and for their Amended Motion under ABA Model Code of Professional Responsibility Rule 4.2 do hereby state as follows:

1. Defendants unartfully captioned their original motion as one to enjoin, insofar as the remedy sought is to bar plaintiff's from their direct communications with the defendants who are represented by counsel. Rather, since the parties are under the authority of this Court and bound by the Court's management and rulings pertaining to professional conduct and discovery during the course of the lawsuit, this matter should proceed as a motion to bar and for sanctions.

2. The context of the plaintiffs' FOIA requests, the issue presented to this Honorable Court represents a balancing of two public interests: Access to the government versus a foundation of American jurisprudence--the attorney/client relationship.
3. This motion is not about the documents sought by the FOIAs, but rather the trespass of the plaintiffs into the Defendants' attorney/client relationship. Article IV of the Illinois Constitution guarantees a citizen's right to petition his/her government, but *Zemater v Village of Waterman* 157 N.E.3d 1069 (2nd Dist. 2020) recognizes that the Courts can order parties to make these communications through attorneys during the pendency of litigation.
4. During the pendency of this lawsuit plaintiffs issued three FOIA requests to Defendant Village of Lakemoor seeking documents and records which directly pertain to the issue of this lawsuit. The FOIAs were propounded without notice to counsel-- the 3rd FOIA was propounded after Defendants' counsel sent a written request not to communicate directly with the defendants. The three FOIA requests were attached as Exhibits A, B, C to Defendants' original Motion, Doc. # 35.
5. This Honorable Court's Order of 4/29/25, Doc. 36, implies that Defendants' underlying motion relies on Illinois substantive and procedural law, "particularly the Illinois Rule of Professional Conduct 4.2." The Defendants wish to draw attention to paragraph 3 of the original motion which raises Rule 4.2 of the ABA Model Rule of Ethical Conduct, which has been adopted by the Northern District of Illinois under L.R. 83.5. See. Doc. 35. These Defendants rely upon the Northern District's Rules of Professional Conduct and those of the Illinois Supreme Court. The state and federal Rules, and their respective Committee Comments are identical.

6. Plaintiff Complaint contains both federal and state causes of action against Officer Adolf and the Village of Lakemoor. Doc. #1. See Counts I-IV, and VII, VIII, and IX.
7. 28 U.S.C.A. §1367 provides this Honorable Court with supplemental jurisdiction over all other claims that are so related to the civil claims with original jurisdiction that they form the same case or controversy. Plaintiff's requests to Lakemoor in this matter arise from the same case/controversy as this lawsuit, and in effect plaintiffs' seek extra-judicial discovery which cannot be reciprocated to either plaintiff or codefendants.
8. When state law supplies the rule of decision for a case in federal court, the federal court applies state substantive law, but federal procedural law. "A substantive law is one motivated by a desire to influence conduct outside the litigation process, such as a desire to deter accidents, while a procedural law is one motivated by a desire to reduce the cost or increase the accuracy of the litigation process, regardless of the substantive basis of the particular litigation." *Gacek v American Airlines, Inc*. 614 F.3d 298, 301 (7th Cir. 2010). Defendants' motion seeks to address plaintiff's conduct outside the litigation process and also effects the litigation process by interfering with both the attorney/client relationship and this Honorable Court's right to control discovery between the parties. The confluence of substantive and procedural law is not uncommon.
9. Both Illinois and the Northern District of Illinois Codes of Professional Responsibility bar a party from communicating directly with a represented party. Not coincidently, the ethics Rule is designated "4.2" for both Illinois and the Northern District of Illinois, the texts of which are identical. See Local Rule 83.50 which adopts the ABA Model Rules of Professional Conduct. Therefore, at both the state and federal level in this matter public

policy and judicial policy bars plaintiffs from contacting the defendants directly, apart from counsel.

10. The Committee Comment to L.R. 83.50.1 states that the Professional Rules are to assure, among other things, the determination of the relative rights and responsibilities of lawyer and parties to each other and their government, and defending the integrity of the judicial system against those who would abuse it.

11. Not to lose the forest for the trees, the ultimate issue for which these defendants seek court intervention is whether Plaintiffs' Illinois FOIAs obviate the rules of professional conduct (4.2) -- state or federal level--in this lawsuit.

12. For the convenience of this Honorable Court the Defendants re-cite the Committee Comments on Rule 4.2:

> [4} . . . For example, the existence of a controversy between a government agency and a private party, or between two organizations, does not prohibit a lawyer for either from communicating with nonlawyer representatives of the other regarding a separate matter. (Highlights added)

13. *In re Air Crash Disaster Near Roselawn, Indiana*, 909 F.Supp. 1116 (N.D. Il. E.D. 1995) considered the *ex parte* communications by plaintiffs' counsel with pilots employed by the defendants in violation of Rule 4.2. Plaintiffs argued that the contacts with the unrepresented persons occurred before the case was transferred from state court to federal court and further claimed that their actions were excused because the issue involved a gray area of the law. Id. at 1123. The District Judge admonished the plaintiffs that if the plaintiffs really thought there was a "disparity between possible interpretations of the law" they had three courses of action: 1) Follow the more restrictive interpretation of the

Rule; 2) contact opposing counsel; or 3) seek guidance from the Court. Id. referencing *McCallum v CSX Transport., Inc*. 149 F.R.D. 104 (M.D.N.C.1993).

14. The collision of open government and a party's right to legal representation free from outside mischief can be construed as a "gray area of the law." Plaintiffs in this matter at bar choose none of those three options enumerated in *McCullum,* but rather proceeded clandestinely apart from defense counsel's duty to protect his clients and shielded from this Court's watchful eye.

15. The Northern District Court in *In re Air Crash Disaster Near Roselawn, Indiana on October 31, 1994*, 909 F. Supp. 1116, 1122 (N.D. Ill. 1995)harkened back to *McCullum*: " . . . counsel, when confronted with a need to obtain information from witnesses that might reasonably lead to ethical problems, must take a conservative rather than aggressive approach. The "chalk lines" drawn by the ethical rules are meant to be avoided at all costs. The goals should not be to come so close to the "chalk lines" that one is covered in white dust. The goal must be to operate at all times well within the ethical "chalk lines" drawn by our ethical rules. *In re Air Crash Disaster Near Roselawn, Indiana on October 31, 1994*, 909 F. Supp. 1116, 1122 (N.D. Ill. 1995)

16. The District Court found the reasoning in *McCullum* to be "well-reasoned and compelling" and recognized the tension between ethics, the need for informal discovery, "the dangers of Rule 801(d)(2) were not insurmountable and the Magistrate Judge wisely observed the ease by which the uncertain party to seek court approval or permission from the party's attorney, but otherwise acts at their own peril. Clearly, here the plaintiffs do not trust this Court's management of discovery or defense counsel's reasonableness.

17. It appears that most of the documentation sought by the plaintiffs would be produced in this lawsuit is subject to recognized discovery rules and practices. Therefore, it must be assumed that plaintiffs' actions are founded in mischief; to achieve an advantage without the interference of the court or defense counsel—a *fait accompli*. It was only by chance a Lakemoor employee who received the FOIA requests thought to mention them to Defendant, Officer Adolf, about four days later. There is no reason for Lakemoor to anticipate *sub rosa* actions to obtain records outside the scope of Court controlled discovery. If plaintiff's plan had not come to light by the curious whim of a Lakemoor employee, would the plaintiffs have voluntarily reported their efforts to this court in a later status report?

18. Rule 4.2 has two purposes: preserves the integrity of the attorney/client privilege and prevents the possibility of "damaging concessions," "overreaching" and "exploiting" uncounseled employees from the represented party. In this case there is no other explanation for the plaintiffs' actions subvert this court's authority and breach the sanctity of the attorney client relationship. *In re Air Crash Disaster Near Roselawn, Indiana*, 909 F.Supp. 1116, 1121 (N.D. Il. E.D. 1995).

19. The purpose of the rule is not to prevent a party from discovering potentially prejudicial evidence, but to protect the attorney/client relationship. *In re Air Crash Disaster Near Roselawn, Indiana*, 909 F.Supp. 1116, 1120 (N.D. Il. E.D. 1995). The plaintiffs actions reveal they have no confidence in this Court's management of discovery or the integrity of defense counsel to honestly produce records under FRCP 33 and 34.

20. The Illinois Appellate Court obliquely addressed the interaction of FOIA and attorney/client relationship in *Zemater v Village of Waterman*, 157 N.E.3d 1069 (2nd Dist.

2020). This is the only Illinois case found dealing with the FOIA issued by a *pro se* plaintiff to a defendant municipality and considered in context of pending civil actions. The Court ordered plaintiff not to communicate directly with the defendant Village. The plaintiff did so and wrote to the Village, "I can't be held in contempt of court for a FOIA request." Although the plaintiff had a right to communicate with his governmental representatives, Illinois Constitution, Article IV, the right to petition the government, the trial court ordered plaintiff to communicate with the defendant *only through counsel*. The Appellate Court found that the order was not an injunction, but rather was exercising its inherent authority consistent with the Illinois Constitution and Supreme Court Rules. The Defendant asks no less herein.

21. To reach that opinion the Appellate Court necessarily had to agree with the circuit court's ruling on the *substantive* decision and ruling that balanced the public policy interests between open government and the attorney/client privilege, e.g.; the sanctions could not be upheld on appeal if the underlying premise for the sanctions was wrong. Therefore, pursuant to Illinois Appellate authority Rule 4.2 takes precedence over FOIA by both Appellate opinion and the ABA Committee Comments which has been adopted by this District.

22. Herein, these Defendants are not asking this court to restrict the documentation and records sought by the plaintiff, which could be sought through discovery, but rather protect the attorney/client privilege.

Wherefore, the Defendants, Village of Lakemoor and Officer Adolf, by and through their attorneys, Maisel & Associates respectfully request an Order barring plaintiffs form any communications with Village of Lakemoor and its employees regarding any matter related to this

lawsuit; barring plaintiff form issuing further FOIA requests to Lakemoor regarding any documents or records directly or indirectly related to this lawsuit.

Respectfully submitted,

By: /s/ Eric A. Krumdick
Eric A. Krumdick – 6190791
Attorney for Defendants, Village of Lakemoor and Christopher F. Adolf

Eric A. Krumdick – 6190791
MARZULLO & ASSOCIATES
**Mailing Address**:
P.O. Box 64093
St. Paul, MN 55164-0093
(312) 458-6500
ekrumdic@travelers.com
General E-Mail: 133Law1@Travelers.com

**CERTIFICATE OF SERVICE**

On May 5, 2025, I electronically filed the above document with the United States District Court, Northern District of Illinois, Eastern Division. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties that have not filed their appearance will receive this notice via regular email. Parties may access this filing though the Court's electronic system.

/s/________________________