IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Cameron Regan, Louis Impagliazzo, | ) |
| Plaintiffs, | ) ) ) |
| v. | ) Case No. 24 CV 8430 ) ) Honorable Joan B. Gottschall |
| Christopher Adolf, Village of Lakemoor, Francis Joseph Y. Reyes, SDR Garage Inc., | ) ) ) ) |
| Defendants. | |

## ORDER

Defendants renew their motion under Local Rule 83.50 and American Bar Association Model Rule of Professional Conduct 4.2 ("Model Rule 4.2") for "an Order barring plaintiffs form [sic] any communications with Village of Lakemoor and its employees regarding any matter related to this lawsuit; barring plaintiff form [sic] issuing further FOIA requests to Lakemoor regarding any documents or records directly or indirectly related to this lawsuit." Renewed Mot. 7–8, ECF No. 37.

Defendants' attempt to distinguish injunctive relief from the relief they request is unpersuasive. They state that they "unartfully captioned their original motion as one to enjoin, insofar as the remedy sought is to bar plaintiff's [sic] from their direct communications with the defendants who are represented by counsel." *Id.* at 1. Regardless of how defendants label the relief they request, they want what is in substance injunctive relief, that is, "A court order commanding or preventing an action." Black's Law Dictionary (12th ed. 2024) (definition of "injunction"). Because defendants do not attempt to establish the prerequisites for issuing injunctive relief, their renewed motion is denied for this reason alone.

In addition, Model Rule 4.2, made applicable by Local Rule 83.50, reads in its entirety: "In representing a client, a lawyer shall not communicate about the subject of the representation with a person the lawyer knows to be represented by another lawyer in the matter, unless the lawyer has the consent of the other lawyer or is authorized to do so by law or a court order."

This language prohibits conduct by a lawyer ("a lawyer shall not"), but it does not prevent parties (as contrasted with their lawyers) from contacting each other. Model Rule 4.2 cmt. 4; *Leibas v. Dart*, 2020 WL 4704758, at *2 (N.D. Ill. Aug. 13, 2020). Plaintiffs represent themselves, and neither is a lawyer, as far as the court knows. So Model Rule 4.2's no-contact stricture does not apply to plaintiffs. *See Leibas*, 2020 WL 4704758, at *2.

Moreover, comment five to Rule 4.2 defines "communications authorized by law" to "include communications by a lawyer on behalf of a client who is exercising a constitutional or other legal right to communicate with the government." Model Rule 4.2 cmt. 5. Defendants have not shown that plaintiffs' requests under the Illinois Freedom of Information Act fall outside the comment five exception for a government communication.

Finally, Model Rule 4.2 specifies no remedy for an alleged violation. Elsewhere, the Model Rules make clear that a rule violation "Does not necessarily warrant any other nondisciplinary remedy," such as the remedies defendants request in the instant motion. Model Rules Pmbl. ¶ 19; *see also id.* ¶ 20 ("The purpose of the Rules can be subverted when they are invoked by opposing parties as procedural weapons.").

For all of these reasons, defendants' renewed motion for an order under Model Rule 4.2 and this court's Local Rule 83.50 is denied for the additional reason that defendants have failed to show a Model Rule 4.2 violation.

Date: May 7, 2025 /s/ Joan B. Gottschall  
United States District Judge