**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| CAMERON REGAN and<br>LOUIS IMPAGLIAZZO,<br><br>Plaintiffs,<br>v.<br><br>CHRISTOPHER F. ADOLF,<br>VILLAGE OF LAKEMOOR,<br>FRANCIS JOSEPH Y. REYES, and<br>SDR GARAGE INC.,<br><br>Defendants. | Case No. 1:24-cv-08430<br><br>Hon. Joan B. Gottschall,<br>District Judge<br><br>Hon. Jeffrey T. Gilbert,<br>Magistrate Judge |

**JOINT INITIAL STATUS REPORT**

## I. Nature of the Case

### A. Attorneys of Record

Plaintiffs Cameron Regan and Louis Impagliazzo are self-represented litigants.

Defendants Christopher F. Adolf and Village of Lakemoor are represented by Eric Krumdick (lead trial attorney) of Marzullo & Associates.

Defendants Francis Joseph Y. Reyes and SDR Garage Inc. are represented by Blake Horwitz (lead trial attorney) and Sergio Moreno of The Blake Horwitz Law Firm.

### B. Nature of the Claims

Plaintiff Cameron Regan alleges that Lakemoor Police Officer Christopher F. Adolf violated his Fourth Amendment rights by fabricating inculpatory evidence

and concealing exculpatory evidence, causing him to be arrested on a warrant that lacked probable cause and maliciously prosecuted for eighteen months. Regan further alleges that the Village of Lakemoor maintained an unconstitutional custom of using Illinois's deceptive practices statute to compel the payment of money in situations that were either outside of the scope of the statute or where criminal intent was clearly absent. Regan and Impagliazzo allege that Defendant Francis Joseph Y. Reyes conspired with Officer Adolf to compel the payment of a disputed $10,322.24 debt by abusing the criminal process and inflicting emotional distress upon them.

Defendants deny these claims. No counterclaims are anticipated at this time.

**C. Principal Factual Issues**

- What material information was known to or reasonably available to Officer Adolf at the time that he swore to the affidavit supporting the warrant for Cameron's arrest?
- Did Adolf present or testify to information that he either knew was false or recklessly disregarded as potentially false during the investigation or grand jury proceedings?
- What policies, practices, or customs of the Village of Lakemoor were followed by Officer Adolf during the Regan investigation?
- What actions, if any, did Francis Reyes take to induce, encourage, or direct Officer Adolf to initiate and pursue the criminal prosecution against Regan, and were those actions for the ulterior purpose of collecting a civil debt?

- Did Adolf and Reyes communicate or coordinate their actions, and, if so, what was the nature, content, and purpose of these communications?
- What was the nature of the relationship between SDR Garage and the Lakemoor Police Department, and was it conducive to a conspiracy between Reyes and Adolf?

### D. Principal Legal Issues

- After excising Officer Adolf's recklessly false statements and inserting any material exculpatory information that he omitted, did the affidavit still provide probable cause for an arrest warrant for felony deceptive practices?
- Is Officer Adolf entitled to qualified immunity for his actions?
- Did Officer Adolf reach a tacit agreement with Reyes to act in concert to deprive Regan of his Fourth Amendment rights?
- Was Reyes's conduct sufficiently "extreme and outrageous," and was Plaintiffs' resulting emotional distress sufficiently severe, to satisfy the legal elements for a compensable claim of IIED under Illinois law?

### E. Jury Trial

Plaintiffs have demanded a jury trial, which the parties do not anticipate lasting more than three to four days.

## II. Jurisdiction

### A. Subject-Matter Jurisdiction

This Court has federal question jurisdiction pursuant to 28 U.S.C. §§ 1331, 1343 based on 42 U.S.C. § 1983 claims. This Court has supplemental jurisdiction

over Illinois state law claims pursuant to 28 U.S.C. § 1367(a).

### B. Service and Party Disclosures

All Defendants have been served. All parties have filed any notices of affiliates and jurisdictional disclosure statements required by Local Rule.

### C. Magistrate Judge

The parties do not unanimously consent to proceed before the magistrate judge for all purposes.

## III. Motions

There are currently no motions pending. Defendants will be filing their respective answers to the Complaint by October 21, 2025.

## IV. Discovery

### A. Proposed Discovery Plan

The parties propose the following discovery schedules:

| Case Event Deadline | Plaintiffs' Proposed Date | SDR Garage Inc. Defendants' Proposed Date | Village Defendants' Proposed Date |
|---|---|---|---|
| Rule 26(a)(1) Initial Disclosures | October 21, 2025 | October 21, 2025 | October 31, 2025 |
| Join Parties | October 27, 2025 | October 27, 2025 | |
| Amend Pleadings | November 28, 2025 | November 28, 2025 | |
| Complete Fact Discovery | March 31, 2026 | March 31, 2026 | |
| Plaintiffs' Expert Report(s) | April 30, 2026 | April 30, 2026 | |
| Defendants' Expert Response | May 30, 2026 | May 30, 2026 | |
| Plaintiffs' Expert Rebuttal | June 16, 2026 | June 16, 2026 | Rebuttal only upon motion |
| Dispositive Motions | July 31, 2026 | July 31, 2026 | August 31, 2026 |

### B. Subjects and Methods of Discovery

The subjects on which discovery may be needed include financial records, phone records, communications between the parties, social media content and interactions, personnel records, investigative files, Lakemoor Police RMS metadata, records of other deceptive practice investigations involving the Lakemoor Police Department, documents and communications relating to the Village of Lakemoor's bad check policy, medical records, and the grand jury transcripts, criminal file, and communications relating to Regan's prosecution.

The parties anticipate written discovery, third-party subpoenas to entities such as the McHenry County State's Attorney's Office, and depositions.

Due to the sensitivity of certain records, the parties intend to propose the filing of a confidentiality order based largely on the Model Confidentiality Order developed by the Northern District of Illinois.

The parties do not propose any changes to the standard limitations placed on the scope of discovery and do not plan to conduct discovery in phases confined to particular issues.

## V. Settlement

The parties have discussed settlement possibilities. Plaintiffs believe that settlement is currently premature.

## VI. Status Report

The parties propose a status report due date of December 2, 2025.

Dated: September 30, 2025

Respectfully submitted,

/s/ *Louis Impagliazzo*
Louis Impagliazzo
1837 South Canalport Avenue
Chicago, Illinois 60616
+1 (415) 969-9993
impagliazzo@uchicago.edu

/s/ *Cameron Regan*
Cameron Regan
1837 South Canalport Avenue
Chicago, Illinois 60616
+1 (312) 975-5776
regan@windypixel.com

/s/ *Blake Horwitz*
Blake Horwitz
The Blake Horwitz Law Firm
*Attorney for Defendants Francis Joseph Y. Reyes and SDR Garage Inc.*

/s/ *Eric Krumdick*
Eric Krumdick
Marzullo & Associates
*Attorney for Defendants Christopher F. Adolf and Village of Lakemoor*