**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| LOUIS IMPAGLIAZZO and<br>CAMERON REGAN,<br><br>Plaintiffs,<br><br>v.<br><br>SDR GARAGE INC., *et. al.*<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No.: 1:24-cv-08420<br><br>Hon. Judge Joan B. Gottschall<br>Magistrate Judge Jeffrey T. Gilbert |

**<u>DEFENDANTS SDR GARAGE INC AND FRANCES REYES' MOTION TO STAY AND/OR MISCELLANEOUS OTHER RELIEF</u>**

NOW COME the Defendants, SDR GARAGE INC. and FRANCIS JOSEPH Y. REYES, hereby respectfully requesting this Honorable Court to stay the proceedings and other miscellaneous relief. Movant states as follows in support:

The prosecution of the instant cause is grounded in the unauthorized practice of law. Defendants request that this Court stay the pending proceedings to adjudicate this matter, thereby preventing further improprieties upon the Court. At bottom, Plaintiff Louis Impagliazzo is practicing law by representing Plaintiff Cameron Regan. It is Movant counsel's ethical obligation to bring this matter to the Court's attention.

The unauthorized practice of law is a serious threat to the administration of justice, akin to fraud and deceit. Defense counsel cannot continue joint submissions and coordinate federal litigation with Plaintiffs if they are engaged in this unethical practice.

**Background**

The case stems from a legal dispute where Cameron Regan was criminally prosecuted for writing a bad check. Regan wrote a bad check to Defendant SDR Garage ("SDR") to pay for the

repair of a vehicle. The check bounced, and ultimately, after a criminal prosecution ensued, he paid SDR in exchange for the withdrawal of the criminal case - a traditional *quid pro quo* termination of a criminal cause. From this, a federal action has developed with eight counts amounting to litigation that few, if any, lawyers would ever have filed. The federal counts are as follows:

i. A Fourth Amendment claim for unreasonable seizure (arrest) by Regan against Defendant Officer Adolf;

ii. A Fourteenth Amendment claim for fabrication of evidence brought by Regan against Adolf;

iii. A Fourteenth Amendment claim brought by Regan alleging that Adolf and Reyes conspired to deprive Regan of his civil rights; and

iv. A *Monell* claim brought by Regan against the Village. (Dkt No. 1).

Four other state law theories are grounded in Abuse of Process, Intentional Infliction of Emotional Distress (Civil Conspiracy), and Indemnification.

The four federal claims are filed on behalf of Mr. Regan, as only Mr. Regan was arrested and criminally prosecuted for writing a bad check. It was only Mr. Regan who negotiated the termination of his criminal case by paying the complaining witness (Defendant Reyes) the full amount that was owed for the bad check.

Based on this backdrop, Mr. Impagliazzo has litigated this cause *on behalf of Regan* by, *inter alia,* undertaking the following:

i. Drafting and signing the instant complaint (Dkt No. 1);

ii. Drafting and filing a motion in criminal court[1] seeking the release of grand jury materials due to the existence of this pending federal action[2] (Exhibit A);

---

[1] Mr. Impagliazzo was not a party to the criminal action. Notwithstanding he has signed a motion and introduces himself as a party to said action (Exhibit A).

[2] The motion reads: Petitioners have since filed a federal civil rights suit (the "Civil Action") alleging that Lakemoor Police Officer Christopher F. Adolf fabricated evidence to procure an arrest warrant and indictment lacking probable cause, and that as a result, Regan was wrongfully arrested and maliciously prosecuted. (*Regan et al. v. Adolf et al.,*

iii. Sending a federal subpoena to AT&T, with Notice of Subpoena signed by Impagliazzo, only. (Exhibit B);

iv. Setting forth in the AT&T subpoena a series of instructions in five subparts, providing notice to Mr. Regan, signed exclusively by Impagliazzo (Exhibit B);

v. Drafting and signing a Motion for Leave to File a Brief in Excess of 15 pages (Dkt No. 20);

vi. Drafting and signing a Motion to Set a Modified Briefing Schedule (Dkt No. 24);

vii. Submitting a Joint Initial Status Report on December 13, 2024 (Dkt No. 29);

viii. Submitting a Rule 26(f) Planning Meeting (Dkt No. 49);

ix. Sending a series of e-mails unilaterally authored by Impagliazzo seeking the following:

a. For Defense Counsel to participate in the signing of the September 30, 2025, status report and asking for the parties' position as to the submission of the Joint Status Report (Exhibit C);

b. In a lengthy and detailed email, complaining to counsels for Defendant Adolf and Lakemore of discovery deficiencies (Exhibit D); and

c. Offering to settle the pending civil action in state court for $25,000 while keeping the federal action alive. (Exhibit E).

All of the federal pleadings have been filed jointly by Plaintiffs. None of the federal filings have been filed separately, whereupon a plaintiff drafts a document and certifies the same pursuant to Rule 11.

Notably, the e-mails, including one to settle the pending state court action while leaving the federal action alive [referenced as IX (c)], was drafted exclusively by Mr. Impagliazzo.

---

No. 24-CV-8430, N.D. Ill.). The Civil Action further alleges that SDR Garage Inc. owner Francis Joseph Y. Reyes conspired with Officer Adolf to use the threat of prosecution to coerce full payment of the disputed repair bill. The District Court recently denied the Civil Action defendants' Rule 12(b)(6) motion, allowing the case to proceed to discovery on all nine of its claims. *See Regan v. Adolf*, No. 24- CV-8430, 2025 U.S. Dist. LEXIS 175556, at *20 (N.D. Ill. Sep. 9, 2025).

Further, relative to the criminal cause, Mr. Impagliazzo improperly submitted himself into the criminal cause (to which he is not a party) and filed a motion on behalf of Mr. Regan, citing the pending federal action as support, seeking to unseal the grand jury proceedings which gave rise to the underlying arrest and prosecution of Regan (Exhibit A, also referenced *supra* "ii").

All communications between counsel for all defendants have been with Mr. Impagliazzo exclusively. In the federal cause, Mr. Regan has never spoken on his behalf, written an e-mail, nor communicated on the telephone with a defense attorney. Mr. Impagliazzo, alone, is prosecuting this cause. He is acting *on behalf* of Mr. Regan and is therefore practicing law.

Plaintiff Regan has been complicit in this endeavor. Mr. Regan was represented by counsel in his criminal case and is aware that one requires counsel to practice law. Regan and Impagliazzo, who live at the same address, are fully aware of their obligation to secure the services of a lawyer to practice law in federal court.

Putting aside the impropriety imposed upon the Court, the paucity of legal support for many of the claims is self-evident, demonstrating the need for counsel to correct these errors and properly prosecute this cause.

For example, the Fourteenth Amendment claims require a meaningful "confinement" as a condition precedent for prosecution, but Regan was only held over for bond court.[3] Regan's Fourteenth Amendment claim cannot prevail.

As to the pending IIED claims against a governmental actor, there is a one-year statute of limitations from the date of arrest for such a claim. This claim was filed on September 13, 2024

[3] For such a claim, the plaintiff must have suffered a deprivation of liberty. See *Saunders-El v. Rohde*, 778 F.3d 556, 561 (7th Cir. 2015); *see also Alexander v. McKinney*, 692 F.3d 553, 557 (7th Cir. 2012). The need to appear in court and attend trial does not constitute such a deprivation. *Saunders-El*, 778 F.3d at 561. In *Saunders-El,* the court ruled that a plaintiff who had been released on bond following his arrest and who was later acquitted at trial could not maintain a due process claim for fabrication of evidence. *Id.*

(Dkt. No. 1), with an arrest date of February 17, 2023 (*Id.* at 82), 18 months after Mr. Regan was arrested. Thus, this cause was filed long after the expiration of the statute of limitations.[4] Further, the plaintiffs' own allegations demonstrate that Regan, to avoid a criminal trial, paid the complaining witness all that he was due to avoid being found guilty in a criminal cause. A plaintiff cannot be heard to argue that this *quid pro quo* amounted to a scenario foisted upon him that "no reasonable person could be expected to endure"—a condition precedent to any IIED claim.[5] Illinois jurisprudence is devoid of any support for these allegations, but as the parties are *pro se*, and deference is provided to *pro se* litigants, Defendants are required to endure a great cost. However, the unauthorized practice of law is sacrosanct and must not continue.

This review of deficiencies with the Fourteenth Amendment and IIED claims are not posited to argue a Motion to Dismiss at the juncture, but to highlight the issues that arise where a non-lawyer prosecutes complicated claims in the federal environment. Unfairly, significant fees are incurred by a defendant in response. This unauthorized practice of law must come to an end.

## **The Unethical Practice of Law**

Federal courts have the inherent authority to manage their own affairs to achieve the orderly and expeditious disposition of cases. *Chambers v. NASCO, Inc.,* 501 U.S. 32, 43-45 (1991). The unauthorized practice of law is sanctionable under the court's inherent authority. *United States v. Johnson,* 327 F.3d 554, 560 (7th Cir. 2003) ("[C]onsidering the **serious threat** that the unauthorized practice of law poses both to the integrity of the legal profession and to the

---

[4] *See* 745 ILCS 10/8-101; *see also Evans v. City of Chicago,* 434 F.3d 916, 934 (7th Cir. 2006). Under Illinois law, "a claim of intentional infliction of emotional distress in the course of arrest and prosecution accrues on the date of the arrest." *Bridewell v. Eberle,* 730 F.3d 672, 678 (7th Cir. 2013). *Gibbs v. Village of Flossmoor*, No. 13 C 9142, at *16 (N.D. Ill. Apr. 10, 2014).

[5] In order to sustain an IIED claim, the emotional distress suffered by a plaintiff "must be so severe that no reasonable person could be expected to endure it." *Adams v. Sussman & Hertzberg, Ltd.,* 292 Ill. App. 3d 30, 38 (1997). The "infliction of such emotional distress as fright, horror, grief, shame, humiliation and worry is not sufficient to give rise to a cause of action." *Id.*; *see also Fricano v. Chicago White Sox, Ltd.*, 2012 IL App (1st) 101978-U, ¶ 68.

effective administration of justice, resort to the inherent powers … is an appropriate remedial measure." (emphasis added)). "Any unauthorized practice of law impacting federal court proceedings necessarily raises the specter of interference with [the] court's function in a manner effectively indistinguishable from fraud or deceit [and] … is thus a proper basis for the imposition of sanctions for the unauthorized practice of law." *Id.* at 561.[6]

In the instant case, there are two Plaintiffs: Louis Impagliazzo and Cameron Regan. Mr. Impagliazzo has signed all pleadings, emails, and subpoenas. Mr. Impagliazzo is practicing law on behalf of Mr. Regan and doing so without a license.

Movant seeks the following relief. If the issues in this brief are disputed, this matter should be stayed to allow Defendant limited discovery (two one-hour depositions) for the specific purpose of securing sworn testimony in support of this Motion. This Court should then set aside this matter to ascertain what sanctions this Court would enter. *See i.e., Hamilton v. Illinois Central R.R. Co.,* No. 07-0383-DRH,, at *7 (S.D. Ill. Jan. 7, 2008) (striking testimony for unauthorized practice); *Thigpen v. Banas*, No. 08 C 4820,, at *5 (N.D. Ill. Feb. 11, 2010) (citing 705 ILCS § 205/1) (noting that the unlicensed practice of law is considered a contempt of court in the state of Illinois and may be punished accordingly).

WHEREFORE, Movants pray for a stay of the instant cause as alleged *supra* to adjudicate Plaintiff Louis Impagliazzo's unlicensed practice of law.

---

[6] *Accord Hamilton v. Illinois Central R.R. Co.,* No. 07-0383-DRH, at *5 (S.D. Ill. Jan. 7, 2008) (unauthorized practice of law indistinguishable from fraud or deceit); *Graham v. Dallas Independent School District*, No. 3: 04-CV-2461-B, at *20 (N.D. Tex. Jan. 10, 2006). Following *United States v. Johnson*, 327 F.3d 554 (7th Cir. 2003)*,* the *Graham* court found that it would "be difficult to overstate the importance of deterring the unauthorized practice of law", affirming that it "raises the specter of interference with that court's function in a manner effectively indistinguishable from fraud or deceit." *See also Brady J.P. v. Dudek,* No. 4:25-cv-04004-SLD, 2025 LX 107877, at *3 (C.D. Ill. Mar. 10, 2025) (citing 28 U.S.C. § 1654) (*"[O]ne pro se litigant cannot represent another . . ."*); *Thigpen v. Banas*, No. 08 C 4820, 2010 U.S. Dist. LEXIS 11843, 2010 WL 520189, at *2 (N.D. Ill. Feb. 11, 2010) (A *pro se* litigant can not employ the services of another non-attorney to prepare his court submissions).

Respectfully submitted,

***/s/Blake Horwitz***___________
Attorney for Defendants SDR Garage, Inc.
& Francis Reyes

**The Blake Horwitz Law Firm, Ltd.**
Blake Horwitz, Esq.
216 S. Jefferson Street, Suite 101
Chicago, IL 60661
Phone: (312) 676-2100
Fax: (312) 445-8741

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| LOUIS IMPAGLIAZZO and<br>CAMERON REGAN,<br><br>Plaintiffs,<br><br>v.<br><br>SDR GARAGE INC., *et. al.*<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No.: 1:24-cv-08420<br><br>Hon. Judge Joan B. Gottschall<br>Magistrate Judge Jeffrey T. Gilbert |

**CERTIFICATE OF SERVICE**

I hereby certify that on October 9, 2025, I served the above and foregoing **Defendants' Motion** on all Parties on record using the ECF filing system.

Respectfully submitted,

***/s/Blake Horwitz***
Attorney for Defendants SDR Garage, Inc.
& Francis Reyes

**The Blake Horwitz Law Firm, Ltd.**
Blake Horwitz, Esq.
216 S. Jefferson Street, Suite 101
Chicago, IL 60661
Phone: (312) 676-2100
Fax: (312) 445-8741
bhorwitz@bhlfattorneys.com