# Exhibit A

**IN THE CIRCUIT COURT OF THE TWENTY-SECOND JUDICIAL CIRCUIT**
**McHENRY COUNTY, ILLINOIS**

| | |
|---|---|
| PEOPLE OF THE STATE OF ILLINOIS,<br><br>Plaintiff,<br>v.<br><br>CAMERON L. REGAN,<br><br>Defendant. | Case No. 2023 CF 170<br><br>Hon. Mark R. Gerhardt,<br>Circuit Judge |

## NOTICE OF MOTION

**PLEASE TAKE NOTICE** that on October 10, 2025 at 9:00 a.m., or as soon thereafter as the parties may be heard, Petitioners Louis Impagliazzo and Cameron L. Regan will appear before the Honorable Mark R. Gerhardt in Courtroom 302 of the Michael J. Sullivan Judicial Center, 2200 N. Seminary Avenue, Woodstock, Illinois, 60098, and present Petitioners' Motion to Release Grand Jury Materials pursuant to 725 ILCS 5/112-6(c)(3).

Dated: October 7, 2025

Respectfully submitted,

/s/ *Louis Impagliazzo*
Louis Impagliazzo
1837 South Canalport Avenue
Chicago, Illinois 60616
+1 (415) 969-9993
impagliazzo@uchicago.edu

/s/ *Cameron L. Regan*
Cameron L. Regan
1837 South Canalport Avenue
Chicago, Illinois 60616
+1 (312) 975-5776
regan@windypixel.com

**IN THE CIRCUIT COURT OF THE TWENTY-SECOND JUDICIAL CIRCUIT**
**McHENRY COUNTY, ILLINOIS**

| | |
|---|---|
| PEOPLE OF THE<br>STATE OF ILLINOIS,<br><br>Plaintiff,<br>v.<br><br>CAMERON L. REGAN,<br><br>Defendant. | Case No. 2023 CF 170<br><br>Hon. Mark R. Gerhardt,<br>Circuit Judge |

## MOTION TO RELEASE GRAND JURY MATERIALS

Cameron L. Regan and Louis Impagliazzo ("Petitioners") respectfully request that this Court release the grand jury materials in this case, including transcripts, evidence, and subpoenas. In support of this Motion, Petitioners state as follows:

## INTRODUCTION

On April 5, 2023, a McHenry County grand jury returned a true bill charging Cameron L. Regan with felony deceptive practices, 720 ILCS 5/17-1(B)(1). The charge arose from what Petitioners contend was fundamentally a contract dispute between them and SDR Garage Inc. concerning defective automotive repair work. On August 22, 2024, one day after Petitioners paid the disputed $10,322.24 SDR Garage Inc. repair bill in full, Regan's felony charge was dismissed with prejudice.

Petitioners have since filed a federal civil rights suit (the "Civil Action") alleging that Lakemoor Police Officer Christopher F. Adolf fabricated evidence to procure an arrest warrant and indictment lacking probable cause, and that as a result, Regan was wrongfully arrested and maliciously prosecuted. (*Regan et al. v.*

*Adolf et al.*, No. 24-CV-8430, N.D. Ill.). The Civil Action further alleges that SDR Garage Inc. owner Francis Joseph Y. Reyes conspired with Officer Adolf to use the threat of prosecution to coerce full payment of the disputed repair bill. The District Court recently denied the Civil Action defendants' Rule 12(b)(6) motion, allowing the case to proceed to discovery on all nine of its claims. *See Regan v. Adolf*, No. 24-CV-8430, 2025 U.S. Dist. LEXIS 175556, at *20 (N.D. Ill. Sep. 9, 2025).

To prevail on a Fourth Amendment malicious prosecution claim, Regan must rebut the presumption of probable cause created by a true bill by showing that the indictment was obtained fraudulently. The Civil Action alleges that Adolf made materially false statements to prosecutors, including that Regan's checking account held only $164.51 when the check was issued—despite Adolf's knowledge that the account contained $49,454.93 at the time of issuance. The grand jury transcripts would reveal the veracity of Officer Adolf's testimony and whether he disclosed his exculpatory knowledge of the civil nature of the dispute. Without these materials, Regan cannot meet his burden of proof, and a substantial injustice will result.

## ARGUMENT

### I. Petitioners Have a Compelling Need for the Grand Jury Materials

This Court should permit the disclosure of the grand jury materials in this case because Petitioners have a compelling and particularized need which vastly outweighs any continued need for secrecy. Section 112-6(b)(3) of the Illinois Code of Criminal Procedure states that grand jury materials may be disclosed "when the court, preliminary to or in connection with a judicial proceeding, directs such in the

interest of justice or when the law so directs." 725 ILCS 5/112-6(b)(3). In deciding whether to permit the disclosure of grand jury materials, courts apply a three-pronged test: (1) whether the material is needed to avoid a possible injustice in another judicial proceeding; (2) whether the need for disclosure is greater than the need for continued secrecy; and (3) whether the request is structured to cover only the materials needed. *Board of Education v. Verisario*, 143 Ill. App. 3d 1000, 1010-11 (2nd Dist. 1986). In this case, all three prongs favor disclosure.

The grand jury materials from this criminal case are needed to avoid an injustice in the Civil Action. A central issue in the Civil Action is whether probable cause existed to detain and prosecute Regan. *See, e.g.*, *Haynes v. City of Chicago*, No. 21 C 4643, 2022 U.S. Dist. LEXIS 63111, at *5 (N.D. Ill. Apr. 5, 2022) ("The existence of probable cause defeats an unlawful detention claim.") (citing *Holmes v. Village of Hoffman Estates*, 511 F.3d 673, 679 (7th Cir. 2007)); *see also Johnson v. Target Stores, Inc.*, 341 Ill. App. 3d 56, 73 (1st Dist. 2003) ("[T]he failure to prove a lack of probable cause is fatal to a claim of malicious prosecution."). "[T]he purpose of the grand jury is to decide whether probable cause exists such that a charge should be brought." *People v. O'Dette*, 2017 IL App (2d) 150884, ¶ 67. An Illinois grand jury indictment is *prima facie* evidence of probable cause. *Coleman v. City of Peoria, Illinois*, 925 F.3d 336, 351 (7th Cir. 2019). The presumption of probable cause in Regan's case can only be rebutted by evidence that the indictment was obtained through improper or fraudulent means. *Id*. Since Regan must rebut the presumption of probable cause, the grand jury materials are necessary to show

what evidence and testimony was presented to obtain the indictment. The grand jury materials are also needed for impeachment, refreshing witnesses' recollection, and testing credibility. *See In re Cement-Concrete Block, Chicago Area*, 381 F. Supp. 1108, 1110 (N.D. Ill. 1974) (permitting the disclosure of grand jury transcripts to attorneys in a subsequent civil case "for use in litigation only for purposes of impeachment, refreshing the witnesses' recollection, and testing credibility").

## II. There Is No Compelling Need for the Continued Secrecy of the Grand Jury Materials

Considering this criminal case's ultimate disposition, there is no compelling need for the continued secrecy of the grand jury materials. Grand jury proceedings are kept secret for the following reasons: (1) to prevent the escape of those whose indictment may be contemplated; (2) to insure the utmost freedom to the grand jury in its deliberations, and to prevent persons subject to indictment or their friends from importuning the grand jurors; (3) to prevent subornation of perjury or tampering with the witnesses who may testify before [the] grand jury and later appear at the trial of those indicted by it; (4) to encourage free and untrammeled disclosures by persons who have information with respect to the commission of crimes; and (5) to protect innocent accused who is exonerated from disclosure of the fact that he has been under investigation, and from the expense of standing trial where there was no probability of guilt. *Verisario*, 143 Ill. App. 3d at 1010-11 (citing *Douglas Oil Co. v. Petrol Stops Northwest*, 441 U.S. 211, 219 n.10 (1979)). None of these reasons is compelling or applicable here. The grand jury deliberated in April 2023, and Regan's criminal case ended via *nolle prosequi* on August 22, 2023. There

is no possibility that Regan will abscond, no risk the grand jury will be improperly influenced in its deliberations, no pending criminal trial where witnesses could tailor their testimony, and no concern that future witnesses will be discouraged from testifying. The fifth justification—shielding the reputation of individuals who were investigated but not charged—is inapplicable because Regan was indicted. Given that the criminal matter has concluded and Regan now seeks to vindicate his constitutional rights in federal court, any residual interest in secrecy is outweighed by the compelling need for disclosure. Lastly, Petitioners have reason to believe that Officer Adolf was the only witness to testify before the grand jury. While the need to encourage voluntary witness cooperation certainly applies to ordinary citizens who may be reluctant to come forward, that concern is irrelevant to a law enforcement officer whose professional duties already require truthful testimony about criminal investigations. Disclosure of the grand jury material will not discourage Officer Adolf from fulfilling an essential function of his office. Notably, Adolf's attorney in the Civil Action is also in favor of releasing the grand jury material from this case.

## III. The Request Is Structured to Encompass Only Necessary Materials

Because probable cause is squarely at issue in the Civil Action, Petitioners seek only the grand jury materials necessary to ensure that their case is resolved on its merits. *See, e.g., Anilao v. Spota*, 918 F. Supp. 2d 157, 164 (E.D.N.Y 2013) (holding that all of the grand jury materials were "indispensable" to addressing probable cause determinations at issue in false arrest and malicious prosecution claims). As explained *supra*, the grand jury materials from Regan's case are

indispensable to rebutting the presumption of probable cause in the Civil Action.

## CONCLUSION

Petitioners respectfully request that this Court enter an order directing the portions of grand jury proceedings, including 22 GJ 316, that relate to this case to be transcribed and produced in the Civil Action, and allowing the McHenry County State's Attorney's Office to produce materials in their possession pertaining to this case to Petitioners, subject to any protective order or other terms that this Court deems just and necessary.

Dated: October 2, 2025

Respectfully submitted,

/s/ *Louis Impagliazzo*
Louis Impagliazzo
1837 South Canalport Avenue
Chicago, Illinois 60616
+1 (415) 969-9993
impagliazzo@uchicago.edu

/s/ *Cameron L. Regan*
Cameron L. Regan
1837 South Canalport Avenue
Chicago, Illinois 60616
+1 (312) 975-5776
regan@windypixel.com