**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **CAMERON L. REGAN and,** | ) | |
| **LOUIS IMPAGLIAZZO** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **vs.** | ) | **No. 24-cv-8430** |
| | ) | |
| **CHRISTOPHER F. ADOLF, VILLAGE OF** | ) | |
| **LAKEMOOR, FRANCIS JOSEPH Y. REYES,** | ) | |
| **And SDR GARAGE INC.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**DEFENDANTS, OFFICER ADOLF AND VILLAGE OF LAKEMOOR's MOTION TO DISMISS COUNT VII PURSUANT TO RULE 12(b)(6) AND MOTION TO DISMISS PURSUANT TO HECK V HUMPHREY**

Now Come the defendants Officer Christopher Adolph (Ofc. Adolph) and the Village of Lakemoor (Lakemoor) by and through their attorneys, Marzullo & Associates, and for their Rule 12(b)(6) Motion to Dismiss Counts VII and pursuant to Heck v Humphrey do hereby state as follows:

**I. 1-Year Limitation Period for State -Law Intentional Infliction of Emotional Distress**

1. Plaintiff, Cameron Regan signed a nine-count Complaint of which Count VII sounds in the state law tort of an intentional infliction of emotional distress. The Complaint was filed on September 13, 2024. Doc. # 1.
2. Officer Adolph was allegedly acting in his official capacity as a police officer and Village of Lakemoor was alleged to be an Illinois municipal corporation. Doc. # 1¶7 and 8.
3. No civil action may be commenced in any court against a local governmental entity or any of its employees unless it is commenced within one-year. 745 ILCS 10/8-101.

4. Tort claims under Illinois law for intentional infliction of emotional distress are subject to the one-year statute of limitations period under the Illinois Tort Immunity Act. *Wilson v Burge etal.* 667 F.Supp.3d 785 (N.D. Ill. E.D. 2023); *Williams v Lampe*, 399 F.3d 867, 870 (7th Cir. 2005).
5. Count VII of the Complaint specifically alleges that Regan suffered emotional distress as a result of Defendant Adolph threatening to embarrass and arrest Regan and then fabricated inculpatory evidence to obtain an arrest warrant. Doc. #1, ¶ 228, 229. The dates of these alleged actions are September 30, 2022, November 7, 2022, February 8, 2023, February 15, 2023, Doc. #1, ¶ 51, 52, 63, 71, and Ex. 1 State of Illinois Arrest Warrant and Criminal Complaint 23 CF 000170.
6. The one-year limitations period ran as of February 15, 2024.
7. The Complaint was filed about one year and seven months after the limitations period for the intentional infliction of emotion distress under state law.
8. The IIED theory does not involve a continuing violation which otherwise might extend the limitations deadline. The 7th Circuit Court of Appeals, citing the Illinois Supreme Court, held that the limitations period is not tolled due to ongoing injury, but rather arises from the defendant's continuing conduct. *Evans v City of Chicago*, 434 F.3d 916, 934 (7th Cir. 2006).(overruled on other grounds in *Hill v Tangherlini*, 724 F.3d 965 (7th Cir. 2013). The plaintiff in *Evans* argued that the cause of action did not accrue until the state criminal action terminated in his favor. The Court of Appeals stated there was nothing in either state or federal law which delays the running of the limitations period until the criminal matter was concluded. Id. at 934.

9. In *Evans,* the 7th Circuit further held that the cause of action accrued when the Evans last suffered tortious injury at the time he was arrested in December of 1997. Id. at 935. The Court of Appeals pointed out that under Illinois law a cause of action accrues for personal injuries when the plaintiff suffers injury. Id. at 934. In the matter at bar, plaintiff's allegations of the wrongdoing which caused his emotional distress concluded with his warrant and arrest in February 2023 as alleged in Count VII.

10. In 2012 the District Court for the Northern District of Illinois determined to follow the holding in *Evans* finding that imprisonment was not a continuing injury and that the cause of action accrued when the plaintiff was arrested and charged. *Bridewell v City of Chicago*, 2012 WL2458548 (N.D. Ill 2012). The plaintiff in *Bridewell* argued the application of *Walden v City of Chicago*, 755F.Supp.2d, but as the *Bridewell* court pointed out, *Walden r*elied upon pre-Evans case law and did not explain why the application of *Evans* did not "command a different outcome. "The IIED [intentional infliction of emotional distress]claim based on malicious prosecution 'accrues on the date of the arrest . . . [t]he mere continuation of prosecution is insufficient to restart the statute of limitations." *Cairel v Alderan,* 2014 WL 916364(N.D. Ill 2014); *Bridewell v Eberle*, 730 F.3d 672, 678 (7th Cir. 2013).

11. Subsequently, the Northern District of Illinois recognized the application of *Heck v Humphrey,* 512 U.S. 477 (1994) to some state-law based IIED lawsuits: e.g., whether a plaintiff's favorable verdict on a state-based IIED claim would imply the invalidity of the plaintiff's conviction and therefore should be dismissed. Under *Heck*, which has been adopted by Illinois, a cause of action did not accrue to the plaintiff until the termination

of the criminal prosecution in plaintiff's favor. See *Baker v City of Chicago,* 483 F.Supp.3d 543(2020); *Fulton v Bartik*, 547 F.Supp.3d 799 (N.D. Ill. 2021).

12. The 7th Circuit addressed IIED claims and accrual in *Parish v City of Elkhart*, 614 F.3d 677 (2010). In *Parish,* the plaintiff claimed that police officers had fabricated evidence among other wrongful acts. Relying on its earlier holding in *Evans* the 7th Circuit focused on the distinction of whether or not the tort was *completed* before the *conviction*. Id at 683. In the matter at bar, the plaintiff's allegations of wrongful acts all took place in September and November 2022, and in February of 2023. See paragraph 5 above.

13. In *Bridewell v Eberle*, 730 F.3d 672, 678 (2013) the Court of Appeals considered the Illinois standard that a claim accrues when the victim first suffers injury and knows its cause, but then the plaintiff insists the claim accrued anew every day the police did not tell the prosecutors to dismiss the indictment. The 7th Circuit dismissed this argument stating that "failing to reverse the ongoing effects of a tort restarts the period of limitations has no support in Illinois—or in federal law either." Id. at 678.

14. Further, in *Parish v City of Elkhart*, 614 F.3d 677, 683, 684 (2010) the 7th Circuit makes it clear that there is a second element at play—an actual conviction. Using the U.S. Supreme Court's reasoning in *Heck*, the 7th Circuit focused on the fact that Parish had been wrongfully convicted. Id at 684. Regan was not convicted, nor was he tried. Rather, he capitulated a full payment to the victim on the eve of trial. Doc. #1, ¶ 99.

15. In *Wallace v Kato*, 549 U.S. 384 (2007), the U.S. Supreme Court weighed in on the issue of accrual, affirming a 7th Circuit decision in which it rejected that a plaintiff's suit could not accrue until the state dropped it charges against him. Id. The U.S. Supreme Court

stated the plaintiff must prove a conviction, or sentence, had been set aside. Id. at 384, 385. Neither a conviction nor sentence were set aside for plaintiff Regan.

## II. There was No Termination in Favor of Plaintiff Regan under Heck v Humphrey 512 U.S. 477 (1994)

16. In the context of *Heck*, the facts pleaded by plaintiffs bear recitation.

17. On April 5, 2024, the criminal court judge entered a Jury Trial and Jury Trial Conference order setting the date of the trial and also ordering a Trial Conference Memorandum which included language to advise the court, "whether a settlement offer has been made, submitted to Defendant and rejected, . . ." Ex. A. The criminal court contemplated negotiations for a settlement as part of the criminal proceeding with the court's clear interest in obviating a criminal trial.

18. Indeed, according to plaintiffs' allegations,  the Assistant State's Attorney informed Regan's and Reyes' counsel to work out the matter or the prosecution would continue to trial. Doc. #1 ¶97.

19. Regan, who had the money held in escrow for over a year paid the *full amount* of the bad check on August 21, 2024; the prosecution was *nolle prosequi'ed* the next day. Doc. #1, ¶ 99, 100.

20. Yet, Plaintiff's Complaint argues that the criminal matter was resolved in his favor. However, this argument is disingenuous in light of the full payment made to Reyes under the shadow of the pending trial and the court's admonition for settlement negotiations. There was no compromise of the payment amount, and the Assistant State's Attorney made it clear that he was ready to move forward with the prosecution, which cannot be interpreted as capitulation to the plaintiff's innocence. Doc. #1 ¶97.

*21.* The 7th Circuit is adamant that a *nolle prosequi* order alone is insufficient to satisfy the requirement of a favorable termination. *Lund v City of Rockford*, 956 F.3d 938, 949 (7th Cir. 2020). Under Illinois law a *nolle prosequi* does not dispose of the case on the merits but "merely reverts the matter to the same condition which existed before the prosecution." *Lund v City of Rockford*, 956 F.3d 938, 949 (7th Cir. 2020).

*22.* The 7th Circuit stated that the plaintiff has the burden of showing that the *nolle prosequi* terminated in his favor. Id. The Court of Appeals continued, " the circumstances surrounding the abandonment of the criminal proceedings must *compel* an inference that there existed a lack of reasonable grounds to pursue the criminal prosecution. Id. (italics in original). Plaintiffs' Complaint pleads very specific details and there is no factual allegation therein which compels the inference that prosecution was dropped due to lack of reasonable grounds. Rather the opposite inference is raised by plaintiffs' allegations: The State was ready to prosecute, and the plaintiff paid the full amount to Mr. Reyes.

23. Plaintiff deposited the full amount owed to Reyes in an escrow account during the pendency of the criminal case and then paid the full amount—uncompromised—on the eve of trial under the ASA's commitment to try the case. This is no different than any other criminal defendant striking a deal before the uncertainty of trial. As a matter of law, under the circumstances admitted by the plaintiff in his Complaint, the facts surrounding the *nolle prosequi* cannot "compel an inference" that the order was entered "for reasons related to his innocence." Id. at 949. Quite the opposite.

24. "[I]f a plaintiff does plead particulars, and they show that he has no claim, then he is out of luck—he has pleaded himself out of court."); *Freeman v. Guy*, 303 Fed. Appx. 358, 362 (7th Cir. 2008);*see also Park Manor, Ltd. v. U.S. Dep't of Health & Human Servs.,*

495 F.3d 433, 437 (7th Cir. 2007). The plaintiff is the Master of his Complaint, and by his own allegations has failed to meet his burden of demonstrating termination of the criminal prosecution in his favor by compelling inference as required under *Heck*.

25. Therefore the *Heck* Doctrine applies dismiss plaintiffs' Complaint in its entirety because the plaintiffs, who have the burden, cannot provide any compelling inference that the case was terminated in their favor on some premises of innocence.

Wherefore, the Defendants , Officer Chris Adolph and Village of Lakemoor, by and through their attorneys, Marzullo & Associates, respectfully request that this Honorable Court enter an Order:

1. Dismissing Plaintiffs' Complaint with prejudice under Rule 12(b)(6) and pursuant to *Heck v Humphrey* 512 U.S. 477 (19940;
   and/or
2. Dismissing Count VII of the Complaint with prejudice under Rule 12(b)(6) for having not been brought within the one-year Illinois State statute of limitations for intentional infliction of emotional distress.

Respectfully submitted,

By: ______________________
Eric A. Krumdick – 6190791
Attorney for Defendants, Village of Lakemoor and Christopher F. Adolf

Eric A. Krumdick – 6190791
MARZULLO & ASSOCIATES
**<u>Mailing Address</u>**:
P.O. Box 64093
St. Paul, MN 55164-0093
(312) 458-6500
ekrumdic@travelers.com
General E-Mail: 133Law1@Travelers.com

**CERTIFICATE OF SERVICE**

On _21st_ October __2025_____, I electronically filed the above document with the United States District Court, Northern District of Illinois, Eastern Division. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties that have not filed their appearance will receive this notice via regular email. Parties may access this filing though the Court's electronic system.

/s/ Eric A. Krumdick
Eric A. Krumdick

Eric A. Krumdick
MARZULLO & ASSOCIATES
PO Box 645093
St. Paul, M N 55164-0093
(D) 312.458.6534 - MAIN: 312.458.6500
General Email: ekrumdic@travelers.com
EMAIL FOR DOCUMENT SERVICE: 133Law1@travelers.com

**IN THE CIRCUIT COURT OF THE TWENTY-SECOND JUDICIAL CIRCUIT**
**McHENRY COUNTY, ILLINOIS**

FILED
McHenry County, Illinois
APR - 5 2024
KATHERINE M. KEEFE
Clerk of the Circuit Court

PEOPLE OF THE STATE OF ILLINOIS/
~~CITY/VILLAGE OF:~~

Plaintiff

v.

Case No. 23CF170

Cameron Regan
Defendant

**JURY TRIAL AND JURY TRIAL CONFERENCE ORDER**

This cause coming on to be heard for Jury Trial Status, the parties being present, the Defendant having been personally advised of future court dates and admonished pursuant to 725 ILC 5/113-4(e), and the Court being fully advised:

**IT IS HEREBY ORDERED:**

1. Jury Trial will commence on 8/26/24 at 9:00 a.m./~~p.m.~~
2. Jury Trial Conference is set for 8/22/24 at 10:00 a.m./~~p.m.~~
   At all Jury Trial Conferences, all trial counsel and Defendant **MUST** be personally present. Parties shall tender a written Trial Conference Memorandum which must include: A short statement of alleged facts of the case, a list of which charges are to be tried and which dismissed, a list of witnesses, any motions *in limine*, proposed jury instructions, any proposed stipulations, responsible trial counsel's name and contact phone numbers, any requests for audio/visual equipment, whether a settlement offer has been made, submitted to Defendant and rejected, and any other special matters as may be particular to the case that should be brought to the attention of the Court.

3. Any motions or requests for interpreters at jury trials must be made in writing before the Court and heard at least 14 days prior to trial, with results evidenced by a written court order. **It is the responsibility of the party seeking the services of an interpreter to promptly provide a copy of such court order to the Trial Court Administration Office.**

4. All Discovery shall be completed no later than ________________.

5. All other motions shall be filed no later than ________________.

6. Other: ________________

Dated: 4/5/2024

Enter: [signature]
Judge, Criminal Division