**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **CAMERON L. REGAN and,**<br>**LOUIS IMPAGLIAZZO**<br><br>**Plaintiffs,**<br><br>**vs.**<br><br>**CHRISTOPHER F. ADOLF, VILLAGE OF LAKEMOOR, FRANCIS JOSEPH Y. REYES, And SDR GARAGE INC.,**<br><br>**Defendants.** | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | **No. 24-cv-8430** |

**DEFENDANTS, OFFICER ADOLF AND VILLAGE OF LAKEMOOR's REPLY to THEIR MOTION TO DISMISS PURSUANT TO RULE 12(b)(6)**

**NOW COME** Defendants, **OFFICER CHRISTOPHER ADOLPH** (Ofc. Adolph) and the **VILLAGE OF LAKEMOOR** (Lakemoor) by and through their attorneys, Marzullo & Associates, and for their Reply relative to their Rule 12(b)(6) Motion to Dismiss do hereby state as follows:

1. Defendant's original 12(b)(6) was not aimed at the substance of the plaintiffs' Complaint, but rather at the form of the pleading--the excessive and argumentative narrative--an attempt to remove subjective superlatives and unnecessarily argumentative allegations which did not serve as a clear and concise rendering of the facts and issues and thereby opened most of the allegations to denials in response.
2. Insofar as the pleading was allowed to stand; these defendants now choose to address the substantive facts raised by the plaintiffs in their pleading including those which give rise to the application of the *Heck* Doctrine. See *Heck v Humphrey*, 512 U.S. 477 (1994).

3. It is axiomatic that the well-pleaded factual allegations of a Complaint are taken as admitted for purposes of a 12(b)(6) motion. *Tamari v Bache & Co*., 565 F.2d 1194 (1977). This Honorable Court's initial ruling supports the well-pleaded sufficiency of plaintiffs' allegations and therefore the Defendants turn their attention to the implications of the "admitted" facts. Unlike Illinois pleadings practice, federal pleading is "notice" based. Despite nominal threshold for pleading, the plaintiffs herein are the "master of their complaint" and chose to plead facts which support the application of *Heck*. See *Bell v Hood*, 327 U.S. 678, 681 (1946); *Boim v American Muslims for Palestine*, 9 F.4th 545 (2021).
4. The Complaint is a 33 page, 241 paragraph missive rife with detailed facts by which these defendants were unequivocally able to conclude the underlying criminal action was not resolved in Regan's favor. Rather, the entire contested amount of the fraud was reimbursed to the victim on the eve of trial; hardly supporting a resolution in plaintiff's favor. At best, plaintiffs' claim of a criminal resolution in Regan's favor via *nolle propsequi* is a rather pyrrhic or abstract "victory" devoid honor from any perspective.
5. Because the well-pleaded allegations of the Complaint are taken as true for purposes of a Rule 12(b)(6) motion, and under the pleaded facts the plaintiffs have failed in their burden of demonstrating criminal resolution in their favor, *Heck v. Humphrey* must be applied to bar and dismiss their Counts against Ofc. Adolf and Lakemoor, which are all premised on allegations of conspiracy, probable cause, and discrimination and which would otherwise impugn the propriety of the settlement of the criminal prosecution as a sham.
6. In some situations a *nolle prosequi* could be construed as a favorable resolution to a criminal defendant, but as the case law is clear, the conclusion of a criminal prosecution

by *nolle prosequi* is not the end of the query--it is not considered in a vacuum. See *Fulton v Bartik*, 547 F. Supp.3d (N.D. Ill. 2021). In *Fulton* the Court found that there was a question for the jury whether or not the *nolle prosequi* was a favorable termination. Here, that vacuum was filled with the fact of plaintiff's plea deal—a *quid pro quo*-whereby he paid the *entire amount* owed due to his fraud and thereby escaped what can only be described as an anticipated conviction. The plaintiffs placed money in escrow in the eventuality that Regan could not cut a deal. In this regard the State's Attorney Office did not question its belief of the strength of its criminal case. Rather the ASA exhibited confidence in the prosecution: The plaintiffs' pled, " . . . the ASA communicated that Cameron's criminal case would proceed unless Cameron successfully negotiated a civil settlement with Reyes. Doc. #1 ¶97. The plaintiffs placed the full amount of the fraud in escrow from the onset (Doc.#1, ¶ 53); the victim confidently demanded full payment; the State's Attorney Office offered no quarter. The allegations of the Complaint offer no interpretation of these facts which can be construed as a termination in plaintiff's favor; he paid what he was demanded to pay about 2 years earlier. This is no more of a favorable termination than person who thankfully receives community service instead of jail time.

7. There are no motions or pleadings which reflect that Regan's criminal counsel raised any of the alleged wrongful conduct *in limine* although it could and should have been if that conduct existed. Plaintiffs' wrongfully presume that the criminal judge or jury would not have a appreciated the explanations and excuses of which the plaintiffs are so adamant in their pleading.

8. Most criminal cases are not tried but rather pleaded or settlements reached. That a criminal defendant is afraid of being convicted does not obviate the validity of the plea. As this

Honorable Court well recognizes, at both the federal and state levels the criminal courts, and courts of appeal, are premised upon fair trials with legal and procedural safeguards meant to protect the innocent from wrongful convictions and force the state actors to make their case fairly. If Mr. Regan is so certain that the facts alleged herein support his innocence against the criminal accusations, then he must trust his attorney, his peers, and the criminal judge. Yet he chose to pay the full amount and impugn the **integrity of the state court actors and his peers. Full payment on the eve of trial and a** *nolle prosequi* the following day is not a termination in his favor.

9. On the face of the Complaint the plaintiffs' own allegations unequivocally demonstrate the criminal prosecution was not resolved in Regan's favor—the plaintiffs' burden. All Counts against Ofc. Adolf and the Village must fail since all are predicated on allegations of wrongful conduct which will impugn the integrity of the criminal court proceedings.

**WHEREFORE**, Defendants, **OFFICER ADOLF** and **VILLAGE OF LAKEMOOR**, by and through their attorneys, Marzullo & Associates, do hereby pray this Honorable Court enter a dismissal in their favor with prejudice and costs.

Respectfully Submitted,
MARZULLO & ASSOCIATES

By: /s/ *Eric A. Krumdick*
Eric A. Krumdick – 6190791
Attorney for Defendants, Village of Lakemoor and Christopher F. Adolf

Eric A. Krumdick – 6190791
MARZULLO & ASSOCIATES
**Mailing Address**:
P.O. Box 64093
St. Paul, MN 55164-0093
(D) 312.458.6534 – MAIN: 312.458.6500
General Email: **ekrumdic@travelers.com**
EMAIL FOR DOCUMENT SERVICE: **133Law1@T.com**