**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| LOUIS IMPAGLIAZZO and<br>CAMERON REGAN,<br><br>Plaintiffs,<br><br>v.<br><br>SDR GARAGE INC., *et. al.*<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No.: 1:24-cv-08430<br><br>Hon. Judge Joan B. Gottschall<br>Magistrate Judge Jeffrey T. Gilbert |

**DEFENDANTS' REPLY TO PLAINTIFFS' RESPONSE TO DEFENDANTS RULE 12(b)(6) MOTION TO DISMISS**

NOW COME the Defendants, SDR GARAGE INC. and FRANCIS JOSEPH Y. REYES, and hereby submit their reply in support of Defendants' 12(b)(6) Motion to Dismiss. Defendants state the following in support:

**Introduction**

Defendants' motion should be granted for multiple reasons. Regarding the Fourteenth Amendment claim, Plaintiffs failed to respond to Movants' argument that said claim requires a meaningful period of time in jail to constitute a "deprivation" – a holdover for bond court does not suffice. Plaintiffs' response that they have properly alleged a conspiracy is irrelevant and constitutes a waiver relative to Defendants' Fourteenth Amendment deprivation argument.

Plaintiffs' response to the abuse of process count is also troubling: only one of the two required elements has been met. In summary, the mere fact that Movants had, as alleged, a horrific reason for the initiation of the criminal case (element #1) does not give rise to an abuse of process claim as that process (not its initiation) was properly executed. As the process in this abuse of process claim was proper, Plaintiffs' count in this regard cannot survive.

The prosecution of the IIED claim is meaningfully deficient. The traditional fears that a criminal defendant experiences before providing full (100%) restitution to the complaining witness cannot amount to an IIED claim. The criminal case was immediately dropped (*nolled)* after the payment. Illinois law does not support the notion that a criminal defendant can prosecute a civil claim after losing the criminal case, especially where the court activity constitutes the orderly process of a civilized society.

Lastly, the successive 12(b)(6) argument is a non-starter. The Seventh Circuit allows for this practice to, *inter alia,* promote judicial efficiency. Discovery is not stayed, and no delays have been occasioned to the parties.

For all these reasons, Defendants' motion to dismiss should be granted.

## I. Abuse of Process Claim

Movants set forth clear legal authority establishing that a Fourteenth Amendment due process claim asserting fabrication of evidence cannot exist in the absence of a meaningful custody deprivation, to which a bond court hold-over does not suffice. (Motion, pp 7-8). Plaintiffs failed to proffer a responsive argument and instead, as if looking at a different motion, asserted that Plaintiffs have properly alleged a conspiracy. (Response, p 14). Defendants' motion did not assert that a conspiracy was deficiently pled. Plaintiffs have waived their opportunity to counter Movants' argument on this score. The motion should be granted as to Plaintiffs' abuse of process claim.

## II. Plaintiffs' IIED Claim Cannot Survive as a Civilized Society Provides for Restitution

Plaintiffs argue that Defendants ignore the allegations of fear in Plaintiffs' complaint. Movants accept, as required, Plaintiffs' factual allegations as true and acknowledge that Plaintiff Regan experienced fear and emotion. However, a criminal defendant cannot create a tort out of

this fear where he provides **100% restitution** for the wrong alleged in the criminal case, as this would serve as a barrier for people to come forward to assist the state in criminal prosecutions if they can be sued for so doing. The Illinois Supreme Court has twice explained that a complaining witness must be afforded protections. *Swick v. Liautaud*, 169 Ill. 2d 504, 513 (1996) (complaining witnesses should not "be deterred from reporting" crimes); *Joiner v. Benton Comm. Bank*, 82 Ill. 2d 40 (1980) ("[P]ersons acting in good faith should not be deterred from reporting crimes by the fear of unfounded suits."). The Seventh Circuit has adopted this reasoning. *See Barnes v. City of Centralia*, 943 F.3d 826, 833 (7th Cir. 2019). The Illinois Supreme Court also warned that absent the legal protections established for complaining witnesses in the malicious prosecution context, "every time criminal charges are *nol-prossed,* a civil malicious prosecution action could result." *Swick*, 169 Ill. 2d at 513-14. Likewise, the instant case was *nol-prossed* in favor of the State/complaining witness, and a civil cause has resulted.

Putting the above legal reasoning together and adopting the IIED law set forth in Defendants' opening brief, (Mot, p. 5), Plaintiffs must show that Defendants' conduct was so atrocious that it would be utterly intolerable in a civilized society.[1] Where the Illinois Supreme Court and Seventh Circuit have expressed a clear intention to protect complaining witnesses from suit and the Plaintiff has paid full restitution in the criminal action, Plaintiffs cannot be heard to argue that the instant Defendant/complaining witness engaged in conduct that is intolerable to civilized society. To be clear, a civilized society recognizes that when a civilian reports a crime and the accused provides full restitution, this amounts to conduct that is well

[1] *Sun v. Xu*, 99 F.4th 1007, 1013 (7th Cir. 2024); *Schweihs v. Chase Home Fin., LLC*, 2016 IL 120041; *McGrath*, 126 Ill. 2d at 78

accepted and appropriate to a civilized society. Since this conduct falls well within the bounds of a civilized society, the IIED tort cannot stand.

To rebut the notion that the criminal cause was a neutral *nolle* or a simple dismissal, the law is well settled that there can be no finding that the *nolle* was indicative of innocence:

> It is true that "[t]he state's decision to dismiss a criminal case is not indicative of innocence when the *nolle prosequi* is the result of an agreement or compromise with the accused." *Swick v. Liautaud*, 169 Ill. 2d 504, 513, 662 N.E.2d 1238, 1243 (1996).
>
> *Lund v. City of Rockford*, No. 17 C 50035, 2019 U.S. Dist. LEXIS 68459, at *14 n.8 (N.D. Ill. Apr. 23, 2019)
>
> The abandonment of the proceedings is not indicative of the innocence of the accused when the *nolle prosequi* is the result of an agreement or compromise with the accused, misconduct on the part of the accused for the purpose of preventing trial, ***mercy*** requested or accepted by the accused, the institution of new criminal proceedings, or the impossibility or impracticability of bringing the accused to trial.

*Swick*, 169 Ill. 2d at 513 (emphasis added)[2]

The purpose for citing to malicious prosecution law is to demonstrate the impropriety of prosecuting a civil case against a complaining witness when the criminal defendant loses and/or provides full restitution. Courts frequently borrow from malicious prosecution law to analyze and resolve issues relating to an IIED claim. *See Parish v. City of Elkhart*, 614 F.3d 677, 680 (7th Cir. 2010) (analyzing malicious prosecution and *Heck* to determine when an IIED cause can be lodged); *Mosley v. City of Chicago*, No. 06 C 6314, 2009 U.S. Dist. LEXIS 87105, at *31 (N.D. Ill. Sep. 22, 2009) (whether IIED claim time barred).

Plaintiffs may argue that the instant procedural posture is not the right time for this Court to obligate Plaintiff to show that the criminal cause terminated, indicative of innocence. That

[2] To prevail, the circumstances surrounding the dismissed criminal proceeding must "compel an inference that there existed a lack of reasonable grounds to pursue the criminal prosecution." *Starks v. City of Waukegan*, 946 F. Supp. 2d 780, 794 (N.D. Ill. 2013); *Ree v. City of Chicago*, No. 22 CV 4284, 2023 U.S. Dist. LEXIS 73463, at *19-20 (N.D. Ill. Apr. 27, 2023).

might be true *if* Plaintiffs had not have specifically pled that upon the payment of full restitution, the criminal case was *nolled*. This judicial admission allows for this determination, factually pled, to be made at this juncture.

Plaintiffs could also argue that this Court should not consider malicious prosecution law in the context of an IIED claim. However, the Illinois Supreme Court has made clear the importance of protecting the complaining witnesses so as not to create a barrier to criminal prosecutions. This protection should also apply to an IIED claim.

In their Response, Plaintiffs seem to argue that it is not the result of the criminal proceedings but the initiation of the same that gives rise to the IIED action. (Resp. pp. 10-13). If that were the case, the Supreme Court's protection afforded to complaining witnesses would evaporate (in a malicious prosecution action) where the criminal defendant seeks the mercy of the court and the cause concludes in a manner indicative of the criminal defendant's guilt. It is in this context that the IIED tort is turned upside down and should not be allowed.

Furthermore, there can be no argument that Regan did not provide full restitution to Reyes in the criminal case. The Illinois Supreme Court, in evaluating restitution, looked at Black's Law Dictionary:

> "The set of remedies associated with that body of law, in which the measure of recovery is [usually] based not on the plaintiff's loss, but on the defendant's gain," and "return or restoration of some specific thing to its rightful owner or status." Black's Law Dictionary 1339 (8th ed. 2004). The doctrine of restitution contemplates, therefore, that some benefit has passed from the plaintiff to the defendant. Plaintiffs obviously believe that they are entitled to a return of that benefit. Whether it comes in the form of cash, a check, or a credit to plaintiffs' loan balances matters not.

*King v. First Capital Financial Services Corp.*, 215 Ill. 2d 1, 35-36 (2005)

The Seventh Circuit describes restitution as the "return of ill-gotten gains to which the holder was not legally entitled." *United States v. Shepard*, 269 F.3d 884, 885 (7th Cir. 2001).

Regan's payment to Reyes to end the criminal case was one of full restitution. As argued in the opening brief, it is neither equitable nor legally cognizable for Plaintiff Regan to pay restitution to the complaining witness, to resolve the criminal case, and then sue the same witness for initiating the criminal cause. This same concept can be expressed in terms of the elements of the IIED claim, which requires an experience perpetrated upon the Plaintiff that is so outrageous that it would be unreasonable for civilized society. Civilized society supports the notion that a traditional method to resolve a criminal case is one where the criminal defendant provides full restitution and the complaining witness is not sued for having received the same in a court-sanctioned proceeding.

**III. Abuse of Process Not Properly Alleged**

Plaintiffs fundamentally misunderstand abuse of process law. There are two elements to the claim: an (1) existence of an ulterior motive or purpose; and (2) some act in the use of legal process not proper in the regular prosecution of the proceedings." *Podolsky v. Alma Energy Corp.*, 143 F.3d 364, 372 (7th Cir. 1998); *McDuffie v. Loney*, No. 16 C 8860, 2017 U.S. Dist. LEXIS 200540, at *9 (N.D. Ill. Dec. 6, 2017).

Plaintiffs repeatedly focus on the first element only. When discussing the second element, they revert back to the first. The second element *must be properly alleged,* and in the instant case, it is not.

Plaintiffs argue that there was an improper purpose for the initiation of the criminal cause. This Court has already found that Plaintiff properly alleged this element. [Dkt. 41]. However, absent a proper allegation as to the second element, this cause of action cannot go forward. The second element requires Plaintiff to allege that the legal process itself was not proper. This has not been argued by Plaintiffs nor has it been alleged. In response, Plaintiffs

merely cite to the first prong, that Defendant Reyes sought to extort Plaintiffs by way of the criminal process. (Resp. pp. 5-6).

Federal and Illinois courts make clear:

> The "mere institution of proceedings, even with a malicious intent or motive, does not alone constitute abuse of process." *Reed v. Doctor's Assocs., Inc.*, 355 Ill. App. 3d 865, 824 N.E.2d 1198, 1206, 291 Ill. Dec. 948 (Ill. App. Ct. 5th Dist.). "The test is whether **process** has been used to accomplish some end which is **beyond the purview** of the process or which compels the party against whom it is used to do some collateral thing that he could not legally and regularly be compelled to do. In other words, the defendant must have intended to use the action to accomplish some result that could not be accomplished through the suit itself." *Id.*

*McDuffie v. Loney*, No. 16 C 8860, 2017 U.S. Dist. LEXIS 200540, at *9 (N.D. Ill. Dec. 6, 2017) (emphasis added).[3]

Plaintiffs have not alleged that complaining witness Reyes used the criminal action to accomplish a result that could not be accomplished through the criminal action as the criminal action resolved fully in favor of Reyes by way of full restitution for the exact and very specific subject matter of the criminal action. The criminal action was about writing a bad check. Plaintiff Regan provided full restitution for the bad check, and the case terminated. The use of the criminal process was perfectly in alignment with the criminal action.

If Regan were allowed to go forward with the abuse of process action based on these facts, then this Court would be rewriting abuse of process law whereby only the first element

[3] If the debt the complaining witness seeks is the same as the criminal action there is no cause as the civil action would then only relate to the complaining witness possessing a bad motive for the initiation of the criminal cause. *Orozco v. Orozco*, No. 22 CV 3122, 2023 U.S. Dist. LEXIS 63168, at *2 (N.D. Ill. Apr. 11, 2023) (N.D. Ill. Apr. 11, 2023) ("[I]mproper motivation for a process that follows the usual course isn't abuse of process."); *Villarreal v. Arnold*, No. 16 CV 00603, 2016 U.S. Dist. LEXIS 176103, at *3 (N.D. Ill. Dec. 20, 2016) ("[E]ven when someone with the most immoral motive initiates a proceeding, so long as the process is used for its intended purpose, that person cannot be liable for abuse of process."); *Holiday Magic*, 4 Ill. App. 3d at 969 (abuse of process requires an "act in the use of process which is not proper in the regular course of the proceedings," even where the defendant had a "malicious intent or motive" for its use).

was relevant. This cause of action, at core, is about the *process*, not just the motive behind the initiation of the process:

Notably, instead of citing to *stare decisis,* Plaintiffs frequently resort to Prosser and the Restatement, (Resp. pp 5-7), which, though interesting, is not controlling especially where well-developed law answers the questions sought here.

**IV. The Successive Motions Argument Fails**

Rule 12(h)(2) specifically excepts failure-to-state-a-claim defenses from the Rule 12(g) consolidation requirement. *Butler v. City of Chicago (In re Butler)*, No. 22 A 189, 2025 LX 210187, at *10-11 (Bankr. N.D. Ill. July 24, 2025). While rehashing Rule 12(b)(6) arguments already made in a prior motion to dismiss denied by the Court may not be advisable, it is permissible under Rule 12(h). *Ennenga v. Starns*, 677 F.3d 766, 773 (7th Cir. 2012). "Stated differently, Rule 12(h)(2) specifically excepts failure-to-state-a-claim defenses from the Rule 12(g) consolidation requirement." *Syed Abbas v. Mikosz*, No. 23 C 1691, 2025 LX 378354, at *5 (N.D. Ill. Sep. 4, 2025); *Shankar v. Fairview Avenue Properties LLC*, No. 23 C 1469, 2025 LX 161319, at *3 (N.D. Ill. June 26, 2025).

Regardless, though Plaintiffs set forth a table that seeks to establish that the exact prior arguments were previously made, this table is false. In the first instance, Plaintiffs do not argue that the Fourteenth Amendment due process claim was previously argued. It was not.

The prior IIED argument did not accept the allegations as true with regard to the emotional reaction Plaintiff(s) experienced due to the criminal prosecution. The instant Motion accepts the well-pleaded allegation as true but argues that Plaintiffs cannot establish that civilized society finds Reyes' conduct and/or the process as atrocious where 100% restitution was paid.

With regard to the abuse of process content, the prior argument did not set forth the instant exploration of the second element to the claim, which is woefully deficient. In essence, this Court ruled that the tort was properly plead, but a proper exploration of the second element was omitted.

**V. Separate Counts**

Movants rest on the previously articulated arguments that separate counts should be pleaded to allow for better organization of legal theories.

WHEREFORE, Defendants pray that this Court grant the Defendants' Motion to Dismiss, and for any and all other further relief deemed met and just.

Respectfully submitted,

***/s/Blake Horwitz***
Attorney for Defendants SDR Garage, Inc.
& Francis Reyes

**The Blake Horwitz Law Firm, Ltd.**
Blake Horwitz, Esq.
216 S. Jefferson Street, Suite 101
Chicago, IL 60661
Phone: (312) 676-2100
Fax: (312) 445-8741

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| LOUIS IMPAGLIAZZO and CAMERON REGAN, | ) | |
| | ) | Case No.: 1:24-cv-08430 |
| Plaintiffs, | ) | |
| | ) | Hon. Judge Joan B. Gottschall |
| v. | ) | Magistrate Judge Jeffrey T. Gilbert |
| | ) | |
| SDR GARAGE INC., *et. al.* | ) | |
| | ) | |
| Defendants. | ) | |

**CERTIFICATE OF SERVICE**

I hereby certify that on December 9, 2025, I served the above and foregoing **Defendants' Reply** on all Parties on record using the ECF filing system.

Respectfully submitted,

***/s/Blake Horwitz***
Attorney for Defendants SDR Garage, Inc.
& Francis Reyes

**The Blake Horwitz Law Firm, Ltd.**
Blake Horwitz, Esq.
216 S. Jefferson Street, Suite 101
Chicago, IL 60661
Phone: (312) 676-2100
Fax: (312) 445-8741
bhorwitz@bhlfattorneys.com