**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| CAMERON L. REGAN and LOUIS IMPAGLIAZZO, | ) | |
| Plaintiffs, | ) | Case No. 24-cv-8430 |
| v. | ) | Honorable Joan B. Gottschall |
| CHRISTOPHER F. ADOLF, et al., | ) | |
| Defendants. | ) | |

# MEMORANDUM OPINION AND ORDER

Before the court are two motions to dismiss plaintiffs' original complaint for failure to state a claim upon which relief can be granted. The first of these motions was filed by defendants Francis Joseph Y. Reyes and SDR Garage, Inc. ("SDR Garage"). SDR Garage Mot. Dismiss 1, Dkt. No. 66. Defendants the Village of Lakemoor, Illinois ("the Village"), and Lakemoor police officer Christopher F. Adolf filed the second pending motion to dismiss the complaint. Vill. Mot. Dismiss 1, Dkt. No. 60. For the reasons discussed below, the court dismisses the intentional infliction of emotional distress claim pleaded in Count VII of the complaint as barred by the statute of limitations and denies the pending motions to dismiss in all other respects.

## Background

Plaintiffs Cameron L. Regan and Louis Impagliazzo have represented themselves throughout this litigation; an attorney with this court's settlement assistance program was recently appointed to assist them. *See* Appointment Order, Aug. 12, 2026, Dkt. No. 171. The court's memorandum opinion and order dated September 9, 2025, describes the complaint's factual allegations and plaintiffs' claims in detail. *See Regan v. Adolf*, 2025 WL 2604755, at *2 (N.D. Ill. Sept. 9, 2025). Plaintiffs' original complaint, Dkt. No. 1, filed nearly two years ago on September 13, 2024, remains their live pleading.

Reyes and SDR Garage initiated the first round of substantive motions practice regarding the complaint by filing a Rule 12(b)(1) and (6) motion to dismiss on October 17, 2024, for failure to state a claim and on jurisdictional grounds. Dkt. No. 17. The Village and Adolf filed a Rule 12(f) motion to strike the complaint on November 19, 2024. Dkt. No. 23. This court ruled on both motions in a twenty-two-page memorandum opinion and order dated September 9, 2025. *Regan v. Adolf*, 2025 WL 2604755, at *1–12 (N.D. Ill. Sept. 9, 2025). That opinion denied the Village and Adolf's motion to strike the complaint and granted in part Reyes and SDR Garage's first Rule 12(b)(1) and (6) motion "solely to the extent moving defendants [sought] dismissal for want of Article III standing of plaintiff Impagliazzo's claim for money damages in Count V." *Id.* at *12.

After this court ruled on the first round of Rule 12 motions, Reyes and SDR Garage retained new counsel. *See* Mot. Leave Withdraw Counsel 1, Sept. 19, 2025, Dkt. No. 43. On October 21, 2025, Adolf and the Village filed their pending Rule 12(b)(6) motion. Dkt. No. 60. Reyes and SDR Garage's pending second Rule 12(b)(6) motion was filed October 30, 2025. Dkt. No. 66. Both motions have been fully briefed, and neither raises a challenge to this court's subject matter jurisdiction. *See* Vill. Mot. Dismiss 1; SDR Garage Mot. Dismiss 1. Meanwhile, discovery has been proceeding for approximately one year under the supervision of a magistrate judge.

## Waiver

Plaintiffs' threshold waiver argument applies to both pending Rule 12(b)(6) motions. This argument relies on Federal Rule of Civil Procedure 12(g)(2) and 12(h), the pertinent text of which follows:

> (g) Joining Motions.
>
> > (1) Right to Join. A motion under this rule may be joined with any other motion allowed by this rule.
> >
> > (2) Limitation on Further Motions. Except as provided in Rule 12(h)(2) or (3), a party that makes a motion under this rule

> must not make another motion under this rule raising a defense or objection that was available to the party but omitted from its earlier motion.
>
> (h) Waiving and Preserving Certain Defenses.
>
> (1) When Some Are Waived. A party waives any defense listed in Rule 12(b)(2)–(5) by:
>
> (A) omitting it from a motion in the circumstances described in Rule 12(g)(2); or
>
> (B) failing to either:
>
> (i) make it by motion under this rule; or
>
> (ii) include it in a responsive pleading or in an amendment allowed by Rule 15(a)(1) as a matter of course.
>
> (2) When to Raise Others. Failure to state a claim upon which relief can be granted, to join a person required by Rule 19(b), or to state a legal defense to a claim may be raised:
>
> (A) in any pleading allowed or ordered under Rule 7(a);
>
> (B) by a motion under Rule 12(c); or
>
> (C) at trial.
>
> * * * *

Fed. R. Civ. P. 12(g)–(h)(2).

Moving defendants (Reyes, SDR Garage, the Village, and Adolf) do not contend that their second Rule 12 motions are based on newly discovered evidence or an intervening change in the law. *See* SDR Garage Reply 8, Dkt. No. 76; Village Reply *passim*, Dkt. No. 73. Reyes and SDR Garage (the Village and Adolf do not respond to this argument, *see* Village Reply) cite *Ennenga v. Starns*, 677 F.3d 766, 773 (7th Cir. 2012) for the following proposition: "While rehashing Rule 12(b)(6) arguments already made in a prior motion to dismiss denied by the Court may not be advisable, it is permissible under Rule 12(h)." SDR Garage Reply 8.

In *Ennenga*, the Seventh Circuit considered whether the defendants waived a statute of limitations defense by omitting it from their first Rule 12(b)(6) motion and raising it in a second such motion. *See* 677 F.3d at 771, 773. Specifically, the defendants filed a first Rule 12(b)(6) motion seeking dismissal of, inter alia, the plaintiffs' state-law legal malpractice claims. The trial court granted the motion to dismiss; the plaintiffs filed an amended complaint asserting a new legal malpractice theory; and the defendants then filed a second Rule 12(b)(6) motion arguing that the amended complaint's malpractice claim was time-barred. *See id.* at 771. The Seventh Circuit held that the defendants did not waive their statute of limitations defense by omitting it from their first motion, reasoning that "Rule 12(g)(2) does not prohibit a new Rule 12(b)(6) argument from being raised in a successive motion." *Id.* at 773 (citing *Perry v. Sullivan*, 207 F.3d 379, 381–83 (7th Cir. 2000)).

Some district court decisions cited by plaintiffs have distinguished *Ennenga* on the theory that a limitations defense first became available to the *Ennenga* defendants when the plaintiffs amended their complaint. Resp. Opp'n Vill. Mot. Dismiss 3, Dkt. No. 68; *see Plumtree v. City of Naperville,* 2024 WL 3177890, at *3–4 (N.D. Ill. June 26, 2024); *Kramer v. Am. Bank & Trust Co., N.A.*, 2014 WL 3638852, at *2 n.3 (N.D. Ill. July 23, 2014); *see also Satkar Hosp. Inc. v. Cook Cnty. Bd. of Rev.*, 2011 WL 2182106, at *3–5 (N.D. Ill. June 2, 2011). However, the *Ennenga* opinion says nothing about whether the limitations defense was or was not available when the plaintiffs filed their original complaint. *See Ennenga*, 677 F.3d at 771, 773. The outcome-determinative rule stated in *Ennenga* has no exceptions. *See id.* at 773.

This court continues to be persuaded by the decisions of every court of appeals to have considered *Ennenga*. All read *Ennenga* uniformly as having no exceptions. *See In re Apple iPhone Antitrust Litig.*, 846 F.3d 313, 318 (9th Cir. 2017), *aff'd on other grounds sub nom. Apple Inc. v. Pepper*, 587 U.S. 273 (2019); *Leyse v. Bank of Am. N.A.*, 804 F.3d 316, 321 (3d Cir. 2015); *Albers v. Bd. of Cnty. Comm'rs of Jefferson Cnty.*, 771 F.3d 697, 703 (10th Cir. 2014). In *Leyse*, for instance, the Third Circuit contrasted its reading of Rule 12(g)(2) and 12(h)(2) with the Seventh Circuit's, characterizing *Ennenga* as holding that "Rule 12(g)(2) does not prohibit a

new Rule 12(b)(6) argument from being raised in a successive motion." *Leyse*, 804 F.3d at 321 (quoting *Ennenga*, 677 F.3d at 773); *accord In re Apple*, 846 F.3d at 318; *Albers*, 771 F.3d at 703. This court read *Ennenga* in a like manner last year, applying it to find that a Rule 12(b)(6) objection omitted from a prior motion was not waived even though it meant giving the defendant a second bite at the proverbial apple. *Marit, LLC v. Bokor*, 2025 WL 2765126, at *3 (N.D. Ill. Sept. 29, 2025) (Gottschall, J.). Were this court writing on a blank slate, it would be inclined to agree with the Third, Ninth, and Tenth Circuits' interpretation of Rule 12's text and structure,[1] but binding Seventh Circuit precedent dictates the outcome here, which is that moving defendants may take a second bite at plaintiffs' original complaint.

## Rule 12(b)(6) Standard

A Rule 12(b)(6) motion to dismiss for failure to state a claim tests the sufficiency of a complaint rather than the case's merits or the merits of any affirmative defense. *See Richards v. Mitcheff*, 696 F.3d 635, 637–38 (7th Cir. 2012). Rule 8(a)(2) requires every complaint, and every other pleading that states a claim for relief, to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." To withstand a Rule 12(b)(6) motion, a complaint must "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim satisfies this standard when its factual allegations "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555–56. When testing a complaint's sufficiency, the court accepts the complaint's well-pleaded facts as true and draws reasonable inferences from those facts in the plaintiff's favor, but conclusory allegations that merely recite the elements of a claim do not enjoy a presumption of truth. *Virnich v. Vorwald*, 664 F.3d 206, 212 (7th Cir. 2011).

---

[1] The interpretation of Rule 12 adopted by these circuits is also hornbook law: "[I]f a party makes a preliminary motion under Rule 12 and fails to include one of the Rule 12(h)(2) objections, she has not waived it, even though, under Rule 12(g), the party may not assert the defense by a second pre-answer motion." 5C Arthur R. Miller & A. Benjamin Spencer, *Federal Practice & Procedure* § 1392 (3d ed. West 2026) (citation modified).

**REYES AND SDR GARAGE'S MOTION TO DISMISS**

Although Reyes and SDR Garage have not waived their Rule 12(b)(6) objections to plaintiffs' complaint, their pending motion raises arguments this court considered and rejected when it denied their first motion to dismiss, as well as arguments that could have been made when they filed their first motion. Specifically, Reyes and SDR Garage maintain in the instant motion that the complaint fails to state a claim for the tort of abuse of process under Illinois law, *see* SDR Garage Mot. Dismiss 1–2; that the complaint fails to state a plausible intentional infliction of emotional distress claim, *id.* at 3–5; and that Count III's Fourteenth Amendment due process claim is inadequately pleaded because no cognizable deprivation of liberty has been alleged, *id.* at 6–7. Separately, and for the first time, Reyes and SDR Garage also ask the court to order plaintiffs to plead Count III as two separate Fourteenth Amendment counts for false arrest and fabrication of evidence. *Id.* at 7 (citing Fed. R. Civ. P. 10(b)).

Reyes and SDR Garage do not argue that the governing law has changed since this court ruled on their first motion to dismiss the complaint. *See id.* at 1–7. Rather, they represent with remarkable forthrightness in their reply brief that they are "rehash[ing]" arguments this court previously rejected. SDR Garage Reply 8. In the absence of a showing by Reyes and SDR Garage of a change in controlling law, this court has been given no reason to revisit its rulings on the sufficiency of the counts Reyes and SDR Garage challenge. *See Regan*, 2025 WL 2604755, at *9–11. Insofar as Reyes and SDR Garage seek reconsideration of the court's rulings, a motion for reconsideration "does not provide a vehicle for a party to undo its own procedural failures, and it certainly does not allow a party to introduce new evidence or advance arguments that could and should have been presented . . . prior to the" earlier decision. *Cincinnati Life Ins. Co. v. Beyrer*, 722 F.3d 939, 954 (7th Cir. 2013). Reyes and SDR Garage's Rule 12(b)(6) arguments are rejected for the reasons given in the September 9, 2025, opinion and for failure to satisfy the standard for reconsidering those rulings. *See Regan*, 2025 WL 2604755, at *9–11.

Reyes and SDR Garage also have not explained what would be gained by ordering Count III to be pleaded as two separate counts. They assert in a single sentence that bifurcating

Count III would facilitate a clearer presentation of the issues. SDR Garage Mot. Dismiss 7. Rule 10(b) sets out certain requirements for pleadings filed in a civil action, such as the use of separately numbered paragraphs. The final sentence of Rule 10(b) reads: "If doing so would promote clarity, each claim founded on a separate transaction or occurrence—and each defense other than a denial—must be stated in a separate count or defense." Reyes and SDR Garage want Count III, a 42 U.S.C. § 1983 due process claim, to be split into two separate legal theories of recovery, but they do not argue that Count III combines two transactions or occurrences. *See* SDR Garage Mot. Dismiss 7.

This court agrees with other district courts in the Seventh Circuit: "[T]here is nothing in the language of Rule 10 that requires separate counts for each legal claim when the claims merely constitute different potential legal grounds for relief based on the same events." *Berry v. Bd. of Trs. of Univ. of Ill.*, 2024 WL 809092, at *3 (N.D. Ill. Feb. 27, 2024) (citing *Tompkins v. Cent. Laborers Pen. Fund*, 2009 WL 3836893, at *3 (C.D. Ill. Nov. 16, 2009)). These decisions rest in part on Seventh Circuit cases rejecting the proposition that a plaintiff must plead legal theories in a complaint. *Id.* (citing *Shah v. Inter-Cont'l Hotel Chi. Operating Corp.*, 314 F.3d 278, 282 (7th Cir. 2002)); *see also, e.g.*, *Zimmerman v. Bornick*, 25 F.4th 491, 493 (7th Cir. 2022) (collecting citations). Instead of parsing legal theories, the Rule 10(b) inquiry focuses on fair notice to the defendant and whether the manner in which a count has been pleaded provides it. *See Berry*, 2024 WL 809092, at *3–4.

No fair notice problem flowing from Count III has been shown. Reyes and SDR Garage's briefing demonstrates that they appreciate the legal and factual distinctions between the false arrest and fabrication of evidence theories Count III encompasses. *See* SDR Garage Mot. Dismiss 5–7. Notably, discovery has been ongoing for approximately one year. As far as this court can tell from the record, Count III has not presented any significant discovery or case management problems. Therefore, ordering repleading of Count III would create work without any discernable benefit, contrary to the overarching purpose of the Federal Rules of Civil Procedure "to secure the just, speedy, and inexpensive" resolution of a civil action. Fed. R. Civ.

P. 1. Reyes and SDR Garage's Rule 10(b) motion to order separate pleading of Count III is accordingly denied.

**THE VILLAGE AND ADOLF'S MOTION TO DISMISS**

Adolf and the Village make two arguments in their motion to dismiss. First, Adolf, the Lakemoor police officer who investigated and arrested Regan on a charge of passing a bad check, contends that the Illinois Tort Immunity Act's one-year statute of limitations for claims against government employees bars Count VII's intentional infliction of emotional distress claim (IIED) against him. *See* Vill. Mot. Dismiss 1–3; 745 ILCS 10/8-101. Separately, Adolf and the Village move jointly to dismiss the complaint in its entirety under *Heck v. Humphrey*, 512 U.S. 477 (1994). Vill. Mot. Dismiss 3–7.

Taking the second argument first, the *Heck* doctrine, where it applies, bars claims seeking money damages under 42 U.S.C. § 1983 against persons acting under color of state law for violations of federal law. *See Heck*, 512 U.S. at 478, 482–87; *see generally Savory v. Cannon*, 947 F.3d 409, 414–18 (7th Cir. 2020) (en banc) (discussing the scope of *Heck* and its progeny). Indeed, Justice Scalia's opinion in *Heck* states the holding explicitly in terms of § 1983: "We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck*, 512 U.S. at 486–87 (citation modified). Adolf and the Village's argument that *Heck* would require dismissal of the complaint "in its entirety," Vill. Mot. Dismiss 7, therefore sweeps too broadly, for *Heck* does not bar claims under state law, of which the plaintiffs here have pleaded many.

There is a more fundamental problem with Adolf and the Village's reliance on *Heck*. *Heck* requires "a conviction that could not be reconciled with the claims of [the plaintiff's] civil

action." *VanGilder v. Baker*, 435 F.3d 689, 692 (7th Cir. 2006). The complaint states plainly that Regan was charged with passing a bad check, that a trial date was set, that a settlement was reached, and that the prosecutor voluntarily dismissed the charge against Regan. *See* Compl. ¶¶ 90, 93–100. Adolf and the Village's motion to dismiss recounts the same history, ending with the dismissal of the charge against Regan by *nolle prosequi*. *See* Vill. Mot. Dismiss 5–6. As plaintiffs point out, the facts alleged by all parties to the instant motion confirm that Regan has not been convicted of a crime related to the subject matter of this lawsuit. *See* Compl. ¶ 100; Vill. Mot. Dismiss 5. Consequently, there is no conviction for the § 1983 claims brought in this civil action to call into question, and *Heck* does not bar plaintiffs' § 1983 claims.

Adolf's limitation defense to Count VII fares better. By invoking the statute of limitations, Adolf raises an affirmative defense to the IIED claim pleaded in Count VII of the complaint. *See* Fed. R. Civ. P. 8(c). A Rule 12(b)(6) motion based on an affirmative defense should be granted only "when the face of the complaint 'admits all the ingredients of an impenetrable defense' [and] the plaintiff has pleaded himself out of court." *Holmes v. Marion Cnty. Sheriff's Office*, 141 F.4th 818, 822 (7th Cir. 2025) (quoting *Xechem, Inc. v. Bristol-Myers Squibb Co.*, 372 F.3d 899, 901 (7th Cir. 2004)).

Count VII is subject to the Illinois Tort Immunity Act's one-year statute of limitations for claims against government officials. *Davenport v. Dovgin*, 545 F. App'x 535, 538 (7th Cir. 2013) (citing 745 ILCS 10/8-101). Applying Illinois law, the Seventh Circuit "held in *Evans v. Chicago*, 434 F.3d 916, 934 (7th Cir. 2006), that a claim of intentional infliction of emotional distress in the course of arrest and prosecution accrues on the date of the arrest." *Bridewell v. Eberle*, 730 F.3d 672, 679 (7th Cir. 2013). *Bridewell* reaffirmed that *Evans* correctly interpreted Illinois law and explained that its holding flows from Illinois's application of "the standard rule that a claim accrues when the victim first suffers injury and knows its cause." *Id*. The *Bridewell* court rejected a plaintiff's argument that IIED in this context is a "continuing wrong" and held that the plaintiff's IIED claim was time-barred because she filed her civil suit more than one year after her arrest. *Id.*

Count VII of the complaint alleges an IIED claim arising out of Regan's arrest and prosecution. *See* Compl. ¶¶ 228–32. The complaint states that "Adolf threatened to arrest and embarrass [Regan] . . . Once [Regan] refused to pay the alleged debt, Adolf fabricated inculpatory evidence that created the appearance of probable cause. Adolf then used that inculpatory evidence to obtain an arrest warrant and a felony indictment." Compl. ¶¶ 228–29. Per the complaint, Adolf's fabrication of evidence occurred before Regan's arrest and led to his prosecution. *See* Compl. ¶¶ 228–32. These allegations plead a claim that, under *Evans* and *Bridewell*'s interpretation of Illinois law, was complete and accrued on the date of Regan's arrest. Regan was arrested on February 17, 2023, according to the complaint, Compl. ¶ 81, and he commenced this federal lawsuit approximately nineteen months later by filing his complaint on September 13, 2024. Compl., Dkt. No. 1. Under *Evans* and *Bridewell*, Regan's IIED claim is untimely.

Regan counters *Evans* and *Bridewell*'s accrual rule by citing the Supreme Court's decision in *McDonough v. Smith*, 588 U.S. 109, 122 (2019). *See* Resp. Opp'n Vill. Mot. Dismiss 7–10, Dkt. No. 68. In *McDonough*, the Supreme Court analyzed when a 42 U.S.C. § 1983 claim alleging fabrication of evidence accrued. *McDonough*, 588 U.S. at 121. Reasoning that "[t]here is not a complete and present cause of action . . . to bring a fabricated-evidence challenge to criminal proceedings while those criminal proceedings are ongoing," the Court ruled that the plaintiff's § 1983 claim accrued not when the fabricated evidence was used at trial but rather when the plaintiff was acquitted. *Id.* at 119–21.

Count VII arises under state law, but *McDonough* answered a question of federal law: "Although courts look to state law for the length of the limitations period, the time at which a § 1983 claim accrues 'is a question of federal law,' 'conforming in general to common-law tort principles.'" *Id.* at 115 (quoting *Wallace v. Kato*, 549 U.S. 384, 388 (2007)); *see id.* at 116–17. So *McDonough*'s accrual rule applies to § 1983 claims, but it did not alter the accrual rules for claims arising under state law like Regan's IIED claim against Adolf.

*Evans* and *Bridewell* remain the Seventh Circuit's binding interpretation of Illinois law concerning accrual of an IIED claim against a police officer. This court is bound by the Seventh Circuit's interpretation of Illinois law unless and until the Supreme Court of Illinois addresses the question or the Illinois legislature changes the governing statute. *See Reiser v. Residential Funding Corp.*, 380 F.3d 1027, 1029 (7th Cir. 2004); *see also Taco Bell Corp. v. Cont'l Cas. Co.*, 388 F.3d 1069, 1077 (7th Cir. 2004). Regan does not argue that Illinois law has changed since *Evans* and *Bridewell* were decided, and his response brief develops no argument that Illinois courts would be inclined to reconsider the accrual date of his IIED claim in light of *McDonough*. *See* Resp. Opp'n Vill. Mot. Dismiss 7–10. For these reasons, *Evans* and *Bridewell* dictate Count VII's accrual date and require it to be dismissed as time-barred. *See Stubbs v. City of Chicago*, 616 F. Supp. 3d 793, 807 (N.D. Ill. 2022).

## CONCLUSION

For the reasons stated, defendants Reyes and SDR Garage's motion, Dkt. No. 66, to dismiss the complaint is denied. The Village and Adolf's motion, Dkt. No. 60, to dismiss the complaint is granted in part and denied in part. Count VII of the complaint is dismissed as barred by the statute of limitations. All other relief requested in the motion, Dkt. No. 60, is denied.

Date: September 18, 2026

/s/ Joan B. Gottschall
United States District Judge